IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECHNOPROBE S.P.A.,

              Plaintiff,

      v.

FORMFACTOR, INC.,

              Defendant.

C.A. No. 23-842-GBW

---

**OPENING BRIEF IN SUPPORT OF
DEFENDANT FORMFACTOR, INC.'S MOTION TO DISMISS**

*Of Counsel:*

T. Vann Pearce, Jr.
Steven J. Routh
Jasmine W. Zhu
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC  20005-1706
(202) 339-8400

Sheryl K. Garko
Caroline Simons
Ryan Lind
Orrick, Herrington & Sutcliffe LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
(617) 880-1800

Anri Nakamoto
Orrick, Herrington & Sutcliffe LLP
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-Chome
Minato-ku, Tokyo, 106-6028
Japan
81 3 3224 2089

Dated:  September 27, 2023

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant FormFactor, Inc.*

{01943485;v1 }

## <u>TABLE OF CONTENTS</u>

Page

I.   NATURE AND STAGE OF PROCEEDINGS.................................................. 1

II.  SUMMARY OF ARGUMENT ........................................................................ 1

III. STATEMENT OF FACTS .............................................................................. 1

IV.  ARGUMENT ................................................................................................... 6

    A.    Legal Standard ...................................................................................... 6

    B.    The Complaint Fails to State a Claim of False Advertising............................ 7

            1.    *Plaintiff Fails to Allege That FormFactor's Statements Constitute Commercial Advertising or Promotion*.................................... 8

            2.    *Plaintiff Fails to Allege FormFactor's Statements Are False or Misleading*.......................................... 10

            3.    *Plaintiff Fails to Allege Materiality*........................................ 15

    C.    Plaintiff Fails to State a Claim for Induced or Willful Infringement ........... 16

            1.    *The Claims for Induced and Willful Infringement Should be Dismissed For Insufficiently Alleging FormFactor's Knowledge of the '885 Patent or Infringement*............................. 16

            2.    *The Induced Infringement Claim Should Be Dismissed Because it Does Not Allege Specific Intent* ............................ 18

            3.    *The Willful Infringement Claim Should Be Dismissed Because The Complaint Does Not Allege Any Other Egregious Acts*......................... 19

V.   CONCLUSION............................................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009)............................................................................................6, 9, 11

*B# on Demand LLC v. Spotify Tech. S.A.*,
     484 F. Supp. 3d 188 (D. Del. 2020).......................................................................17

*Bell Atl. Corp. v. Twombly*,
     550 U.S. 544 (2007)........................................................................................6, 7, 16

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
     681 F.3d 1323 (Fed. Cir. 2012)...............................................................................16

*Bos. Sci. Corp. v. Nevro Corp.*,
     415 F. Supp. 3d 482 (D. Del. 2019)...................................................................16, 20

*Cancer Genetics, Inc. v. Hartmayer*,
     No. CIV. 07-5463(FSH), 2008 WL 323738 (D.N.J. Feb. 5, 2008) ...........................9

*Castrol Inc. v. Pennzoil Co.*,
     987 F.2d 939 (3d Cir. 1993).....................................................................................13

*Connelly v. Lane Constr. Corp.*,
     809 F.3d 780 (3d Cir. 2016).................................................................................9, 11

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
     No. CV 18-098 (MN), 2018 WL 6629709 (D. Dec. 19, 2018) .........................17, 19

*DSU Med. Corp. v. JMS Co.*,
     471 F.3d 1293 (Fed. Cir. 2006)................................................................................18

*In re Exxon Mobil Corp. Sec. Litig.*,
     500 F.3d 189 (3d Cir. 2007)......................................................................................7

*FMC Corp. v. Summit Agro USA, LLC*,
     No. CV 14-51-LPS, 2014 WL 6627727 (D. Del. Nov. 14, 2014) ...........................11

*Groove Digital, Inc. v. Jam City, Inc.*,
     No. 1:18-cv-01331-RGA, 2019 WL 351254 (D. Del. Jan. 29, 2019) .....................17

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
     579 U.S. 93 (2016)...................................................................................................16

*HSM Portfolio LLC v. Fujitsu Ltd.*,
    C.A. No. 11-770-RGA, 2012 WL 2580547 (D. Del. July 3, 2012)........................................18

*Incarcerated Entertainment, LLC v. CNBC LLC*,
    331 F.Supp.3d 352 (D. Del. 2018) .............................................................10, 13, 15

*Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer*
    *Pharms.*, Inc., 19 F.3d 125, 129 (3d Cir. 1994) ........................................10, 11, 13

*Malvern Panalytical Ltd v. Ta Instruments-Waters LLC*,
    No. 19-CV-2157-RGA, 2021 WL 3856145 (D. Del. Aug. 27, 2021) ....................................16

*Maya Swimwear, Corp. v. Maya Swimwear, LLC*,
    789 F. Supp. 2d 506, 512 (D. Del. 2011)..........................................................13

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997)......................................................................19

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm.*
    *Co.*,
    290 F.3d 578 (3d Cir. 2002)..............................................................10, 11, 12

*Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*,
    No. CV 20-662-RGA, 2021 WL 2188219 (D. Del. May 28, 2021) ........................................7

*Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*,
    653 F.3d 241 (3d Cir. 2011)..................................................................13, 15

*Phillips v. Cty. Of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)......................................................................6

*Pinker v. Roche Holdings Ltd.*,
    292 F.3d 361 (3d Cir. 2002)......................................................................6

*Registered Agent Sols., Inc. v. Corp. Serv. Co.*,
    No. 1:21-CV-786-SB, 2022 WL 911253 (D. Del. Mar. 28, 2022)....................................7, 9

*Reybold Grp. of Cos., Inc. v. Does 1-20*,
    323 F.R.D. 205 (D. Del. 2017) ...............................................................7, 8, 9

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
    632 F. Supp. 2d 362 (D. Del. 2009)...........................................................12, 13

*Schuylkill Energy Res., Inc. v. Penn. Power & Light Co.*,
    113 F.3d 405 (3d Cir. 1997)..................................................................18, 20

*Syncsort Inc. v. Sequential Software, Inc.*,
    50 F. Supp. 2d 318 (D.N.J. 1999) ............................................................10, 11

*VLSI Tech. LLC v. Intel Corp.*,
     No. CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)........................................17

*Wakefern Food Corp. v. Marchese*,
     No. 2:20-CV-15949-WJM-MF, 2021 WL 3783259 (D.N.J. Aug. 26, 2021)...........................9

*Warner-Lambert Co. v. Breathasure, Inc.*,
     204 F.3d 87 (3d Cir. 2000)........................................................................................................7

*Wrinkl, Inc. v. Facebook, Inc.*,
     No. 20-CV-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ...............................17, 19

**Statutes**

35 U.S.C. § 271 ....................................................................................................................5, 17

35 U.S.C. § 284 .............................................................................................................6, 16, 19

Lanham Act, 15 U.S.C. § 1125 ...............................................................................1, 2, 7, 8, 10

**Other Authorities**

Fed. R. Civ. P. 9(b) ....................................................................................................................7

Fed. R. Civ. P. 12(b)(6).........................................................................................................1, 6

## I.   NATURE AND STAGE OF PROCEEDINGS

On August 8, 2023, Plaintiff Technoprobe S.p.A. ("Plaintiff" or "Technoprobe") filed a Complaint alleging that certain semiconductor probe cards manufactured and offered for sale by Defendant FormFactor, Inc. ("Defendant" or "FormFactor") infringe U.S. Patent No. 11,035,885 ("the '885 Patent" or "Asserted Patent"). Plaintiff further alleges that FormFactor made false or misleading claims regarding the performance of its probe cards. Pursuant to Fed. R. Civ. P. 12(b)(6), FormFactor moves to dismiss the induced and willful infringement aspects of the Complaint's patent infringement claim (Count I) and the false advertising claim (Count II) for failure to state a claim.

## II.   SUMMARY OF ARGUMENT

The false advertising allegations are based solely on one presentation delivered at a conference, but the Complaint fails to allege facts that would establish that presentation was commercial advertising, that it was literally false and/or misleading, or that the statements at issue were material. Because, under Third Circuit law, these are key elements to an alleged violation of § 1125(a)(1)(B) of the Lanham Act, Count II should be dismissed for failure to state a claim.

The Complaint fails to state a claim for either induced or willful infringement (and in turn, for enhanced damages) because it lacks sufficient allegations that FormFactor knew about the infringement of the sole Asserted Patent, much less that it specifically intended any third parties to infringe the '855 Patent or behaved so egregiously to make the alleged infringement willful.

## III.   STATEMENT OF FACTS

As alleged in the Complaint, Technoprobe and FormFactor design and manufacture probe cards that are used to test semiconductor chips. A probe card—sometimes referred to simply as a "probe"—is a product with "an electromechanical interface that connects to an electronic chip when the chip is still on the wafer or before the chip is individually packaged." D.I. 1, ¶ 13. The

Complaint alleges that a probe's current carrying capability ("CCC") "is material to the function of probe cards and material to those who purchase and use probe cards." D.I. 1, ¶ 28.

> A.      Allegations of False Advertising

The Complaint alleges one count of false advertising in violation of the Lanham Act based on three product claims that FormFactor purportedly made about the CCC of its new generation of probe cards (collectively, the "FFI Claims"). *See* D.I. 1, ¶¶ 65-74. The Complaint alleges that the statements were made "at the SWTest Conference from June 5-7, 2023," during an alleged "promotional presentation" made by FormFactor (the "Presentation"). D.I. 1, ¶¶ 20, 21; *see also id.*, ¶¶ 29, 34, 40 (identifying statements made "at SWTest"); D.I. 1-5. Apart from the dates, there are no other allegations regarding SWTest. For example, the Complaint contains no factual allegations about the location, purpose, industry focus, or attendees of SWTest, nor does the Complaint allege who attended the Presentation itself.

The Complaint appends a set of PowerPoint slides that Technoprobe alleges FormFactor presented at SWTest, and further alleges certain "slide[s] make[] materially false and misleading product claims." D.I. 1, ¶¶ 29, 34 ("[S]lide 10 from SWTest 2023 makes the following material claims"), 40 ("Slide 23 . . . makes the following material claims"). However, the Complaint does not allege who presented the slides, who saw the slides, or whether the Presentation or the slides were disseminated before, during, or following the conclusion of SWTest (let alone to whom). The three statements at issue are found on Slides 10 and 23 of the 24-slide Presentation, shown below:



Slide 10, D.I. 1-5, 10



Slide 23, D.I. 1-5, 23

(1) *The "Probe CCC Comparison Claims"*: The Complaint first alleges that the graph on

Slide 10 from the Presentation "makes materially false and misleading product claims between

FormFactor's probe cards and the probe cards of its competitors, including Technoprobe." D.I.

1,¶¶ 29, 30. Specifically, the Complaint alleges the Probe CCC Comparison Claims are literally

false because Technoprobe's probe cards "provide at least the same or like CCC" as FormFactor's

probes, whereas the graph shows that FormFactor's "FFI MT Probes" show a greater CCC rating

than that of "Previous Generation Probes." D.I. 1,¶ 30. Neither Slide 10, nor any other Presentation

slide, names or references Technoprobe or its products. The Complaint alleges, however, that

"Previous Generation Probes" "includ[es] Technoprobe." D.I. 1,¶ 30, *see also* D.I. 1-5 at 10.

(2) *The ">50% Improved CCC Claim"*: The Complaint also focuses on another statement on Slide 10, "MT next generation probes provide >50% improved CCC over current gen. MEMS probes." D.I. 1,¶ 34; D.I. 1-5 at 10. Again, Slide 10 does not refer to Technoprobe or its products. The Complaint alleges, however, that this statement is literally false because "Technoprobe's probe cards provide at least similar CCC to those of FormFactor." D.I. 1,¶ 35. The Complaint further alleges that the >50% claim is inaccurate for the 90μm and 80μm probe pitches. *Id.*

(3) *The "65% Improved CCC Claim"*: Finally, the Complaint alleges that Slide 23 from the Presentation states, "MeGP Improves Effective CCC by 65% depending on the probe architecture" D.I. 1,¶ 39. As with the Probe CCC Comparison Claims, Slide 23 includes a graph that compares CCC measurements of "Previous Generation Probes" and "MT Probes." D.I. 1, ¶ 40. Slide 23 does not refer to Technoprobe or its products. The Complaint, however, alleges the statement is literally false because "Technoprobe's probe cards provide at least similar CCC to those of FormFactor." D.I. 1, ¶ 41.

For each of the FFI Claims, the Complaint alleges "in the alternative" that each statement was materially misleading because the claims "omit[] highly relevant and material testing protocol disclosures" relating to the methodology of how CCC was tested. *See* D.I. 1,¶¶ 31, 36, 42. In particular, the Complaint alleges that the claims regarding CCC are misleading because FormFactor failed to disclose whether the "current gen. MEMS probes" and "Previous Generation Probes" includes "products still being sold or manufactured" or "low CCC probes from competitors *other* than Technoprobe as a means of artificially deflating the CCC specific to Technoprobe's products." D.I. 1,¶¶ 31, 36, 42. The Complaint does not allege that FormFactor mentioned Technoprobe during the Presentation, nor does the Complaint allege that any of the

slides in the Presentation contains a reference to Technoprobe.

Based on the above, the Complaint alleges in Count II that Technoprobe has been injured based on "FormFactor's materially false or misleading representations of fact" that "have misled" and/or "have, and are likely to, materially influence the purchasing decisions of purchasers and users of probe card." D.I. 1,¶¶ 68, 69.

### B.   Allegations of Patent Infringement

The '885 Patent is directed to "[a] testing head apt to verify the operation of a device under test integrated on a semiconductor wafer." '885 Patent, Abstract. The sole claim of the '885 Patent that the Complaint specifically identifies as being infringed is Claim 1. D.I. 1, ¶ 46.

The Complaint alleges in broad terms that FormFactor's "Apollo," "Kepler," "Altius," or "QiLin" probe cards infringe. *See Id*. The Complaint alleges that FormFactor has directly infringed the Asserted Patent pursuant to 35 U.S.C. § 271(a), generally relying on the same Presentation described above in asserting infringement. *See id.*, ¶¶ 47-57, Exs. E (D.I. 1-5), F (D.I. 1-6).

The Complaint also includes general allegations that FormFactor has induced infringement of the Asserted Patent under 35 U.S.C. § 271(b). *Id.*, ¶ 58. The Complaint asserts that FormFactor, "[t]hrough distribution and/or sales agreements with third-party distributors and customers," is indirectly infringing "with actual or constructive knowledge of the '885 Patent," "knows or should know that the acts of the third-party customers and/or distributors will result in infringement of" the Asserted Patent, and "has specific and actual intent to cause the third-party customers and/or distributors to infringe" the Asserted Patent. *Id.* The Complaint further asserts that FormFactor "actively instructs, encourages, and/or aids such infringement through various acts, including instructing and training its distributors and customers to use one or more of the Accused Products in a manner covered by at least claim 1 of the '885 Patent." *Id.*, ¶ 59. No other specific facts are

alleged showing how FormFactor induced infringement or had the specific intent to do so.

The Complaint alleges, in a single sentence, that "FormFactor has willfully infringed the '885 Patent, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284." *Id.*, ¶ 60. The Complaint does not allege pre-suit knowledge of the Asserted Patent. Rather, it asserts that FormFactor "has been aware of the '885 Patent's existence at least as early as the service of this Complaint." *Id.*, ¶ 62. The Complaint also alleges, without support, that FormFactor has no reasonable basis for believing that the Accused Products do not infringe or that the '885 Patent is invalid or unenforceable.[1]  *Id.*, ¶ 62.  The Prayer for Relief seeks enhanced damages. *Id.*, page 25.

## IV.   ARGUMENT

### A.   Legal Standard

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). However, a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Complaint must have "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

---

[1]  These statements are wrong. Although FormFactor is not moving to dismiss the direct infringement claim in view of the pleading standard, even in just the short time since Technoprobe filed this lawsuit, FormFactor has shared with Technoprobe specific reasons why Technoprobe's infringement claims fail.

Fed. R. Civ. P. 9(b)'s heightened pleading standard applies to Technoprobe's false advertising claim because it sounds "fraud or mistake" insofar as it alleges "FormFactor intentionally made materially false and misleading statements as well as intentionally omitted disclosure of material facts…" D.I. 1, ¶ 68; *see Registered Agent Sols., Inc. v. Corp. Serv. Co.*, No. 1:21-cv-786-SB, 2022 WL 911253 (D. Del. Mar. 28, 2022) (Bibas, J.) (applying Rule 9(b) pleading standard where allegations aver defendant "intentionally," "knowingly," or "recklessly . . . misrepresented certain material information.") (cleaned up); *see also In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 197 (3d Cir. 2007). Rule 9(b) requires that the circumstances of alleged fraud or mistake be pleaded with "particularity," including "the date, place, or time of the fraud, and by stating who made the misrepresentation to whom and its general content." *Registered Agent*, 2022 WL 911253 at *2 (cleaned up).

### B.    The Complaint Fails to State a Claim of False Advertising

The Complaint fails to allege sufficient facts to establish certain elements of a claim of false advertising under 15 U.S.C. § 1125(a)(1)(B). To state a claim for false advertising, a plaintiff must allege "1) that the defendant has made false or misleading statements as to his own product or another's; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc." *Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, No. CV 20-662-RGA, 2021 WL 2188219, at *5 (D. Del. May 28, 2021) (dismissing Lanham Act claims) (quoting *Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000)). As a threshold matter, "a plaintiff must . . . point to the defendant's use of 'commercial advertising or promotion.'" *Reybold Grp. of Cos., Inc. v. Does 1-20*, 323 F.R.D. 205, 210 (D. Del. 2017).

The false advertising claim fails on three independent grounds: the Complaint fails to adequately plead that the FFI Claims (1) constitute "commercial advertising or promotion;" (2) are false and/or misleading; or (3) that any deception was material to a purchasing decision.

1.   Plaintiff Fails to Allege That FormFactor's Statements Constitute Commercial Advertising or Promotion

First, Plaintiff fails to allege facts that would establish that the FFI Claims constitute "commercial advertising or promotion," which is a prerequisite to pleading a claim for false advertising under the Lanham Act. *See Reybold Grp.*, 323 F.R.D. at 210 (D. Del. 2017). "Commercial advertising or promotion" is defined as: "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services; (4) that is disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." *Id.* (internal citations omitted). Therefore, in order to establish that a defendant's statements constitute "commercial advertising," a plaintiff must plead that those statements were directed to consumers of defendant's goods—*i.e.*, the "relevant purchasing public." *Id.*

The Complaint fails to do so. Count II is based on the FFI Claims, which Plaintiff alleges were made in the Presentation at SWTest in June 2023. *See* D.I. 1, ¶¶ 20, 29, 34, 40. But the Complaint fails to plead that the FFI claims were directed to **consumers** at SWTest because the Complaint alleges nothing about the purpose or nature of SWTest, nor its attendees. Nor does the Complaint allege corresponding facts about the Presentation: there are no allegations about **who** delivered the Presentation, **to whom** it was delivered, and **how** the Presentation was delivered—including what representations were made orally concurrent with the slides. The Complaint therefore fails to establish to whom and how the FFI Claims were made. One cannot tell from the Complaint whether they were made to FormFactor's potential customers, as opposed to non-

consuming parties such as competitors, academics, and/or researchers studying the technology of probe cards. This is fatal to Plaintiff's claims under any pleading standard. *See Wakefern Food Corp. v. Marchese*, No. 2:20-CV-15949-WJM-MF, 2021 WL 3783259, at *4 (D.N.J. Aug. 26, 2021) ("Plaintiff must allege that the false advertising actually reached consumers of the relevant products rather than some non-consuming party."); *see also Registered Agent*, 2022 WL 911253, at *3 (plaintiff must allege with particularity "to whom" the false statements were made).

Given this deficiency, the Complaint necessarily fails to plead that the FFI Claims were made for the purpose of influencing consumers to buy FormFactor's probes. *See Cancer Genetics, Inc. v. Hartmayer,* No. CIV. 07-5463(FSH), 2008 WL 323738, at *10 (D.N.J. Feb. 5, 2008) (finding failure to allege that statements were made for the purpose of influencing customers when complaint failed to allege false statements were made to customers) (collecting cases). Nor does the pleading establish that the statements were "disseminated sufficiently to the relevant purchasing public" of probe cards. *Reybold Grp.*, 323 F.R.D. at 210; *Registered Agent*, 2022 WL 911253 at *3 (dismissing claims for failure to allege that claims were made "to the relevant purchasing public within [an] industry") (internal quotations omitted).

At most, Plaintiff repeatedly alleges that the Presentation is "promotional," but those characterizations are without any factual support and thus cannot satisfy Plaintiff's pleading burden. *See* D.I. 1,¶¶ 29, 40; *Iqbal*, 556 U.S. at 663-64; *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (conclusory statements "are not entitled to the assumption of truth."). The Complaint also at various points states in general fashion that, "[t]o attract customers, FormFactor is making materially false and misleading claims" and that FormFactor makes (unspecified) statements comparing the CCC of its probe cards with its competitors' "[i]n promoting its products to customers[.]" D.I. 1,¶ 28. Even setting aside the conclusory nature of these allegations, these

general assertions are not entitled to weight because they are not tethered to a specific statement at issue. And there are no factual allegations that even a single customer heard the Presentation or the FFI Claims.

### 2.    Plaintiff Fails to Allege FormFactor's Statements Are False or Misleading

Plaintiff moreover fails to sufficiently allege that the FFI Claims are false or misleading. To be actionable under the Lanham Act, the statements at issue may be either "(1) literally false or (2) literally true or ambiguous, but ha[ve] the tendency to deceive consumers." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). In deciding whether an advertising claim is literally false, a court must decide first whether the claim conveys an unambiguous message and, if so, whether that unambiguous message is false. *Novartis*, 290 F.3d at 586. "A 'literally false' message may be either explicit or conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." *Id.* at 586-87 (internal quotations omitted). Unless a statement is unambiguous, it cannot be literally false. *Id.* at 587. On the other hand, a statement is "misleading" if it is "literally true or ambiguous, but has the tendency to deceive consumers." *Incarcerated Entertainment, LLC v. CNBC LLC*, 331 F.Supp.3d 352, 362 (D. Del. 2018) (quoting *Novartis*, 290 F.3d at 586); *see also Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms.*, Inc., 19 F.3d 125, 129 (3d Cir. 1994) (whether a claim is misleading "depends on the message that is conveyed to consumers").

A plaintiff's burden depends on whether an alleged statement is literally false versus literally true but misleading. "If a complaint sufficiently alleges literal falsehood, it need not also allege the buying public was misled." *Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 341 (D.N.J. 1999) (citing *Johnson & Johnson*, 19 F.3d at 129). On the other hand, a claim that advertising was "misleading" requires a plaintiff also plead "that there is actual deception or

at least a tendency to deceive a substantial portion of the intended audience" and "that the deception is material in that it is likely to influence purchasing decisions." *Syncsort Inc.*, 50 F. Supp. 2d at 340–41.

At issue are three FFI Claims: (1) the "Probe CCC Comparison Claims" (2) the ">50% Improved CCC Claim," and (3) the "65% Improved CCC Claim." Plaintiff has not sufficiently pled that any of these statements are false or misleading.

### i. *FormFactor's alleged statements are not literally false*

Plaintiff fails to sufficiently plead that any of the FFI Claims are literally false. As with its other conclusory assertions, Plaintiff's bare characterization that the FFI Claims are "literally false" is entitled to no weight. *See, e.g.,* D.I. 1, ¶ 30; *Iqbal*, 556 U.S. at 663-64; *Connelly*, 809 F.3d at 787 (Conclusory statements "are not entitled to the assumption of truth.").

The FFI Claims are not literally false because the Complaint, on its face, pleads an interpretation of the FFI Claims that requires "a number of mental leaps" to reach plaintiff's meaning and allege falsity. *FMC Corp. v. Summit Agro USA*, LLC, No. CV 14-51-LPS, 2014 WL 6627727, at *8 (D. Del. Nov. 14, 2014) (finding statements not literally false when reaching plaintiff's meaning would require "a number of mental leaps"); *see also Novartis*, 290 F.3d at 587 ("The greater the degree to which a message relies upon the viewer or consumer to integrate its components and draw the apparent conclusion ... the less likely it is that a finding of literal falsity will be supported."). Plaintiff alleges that the FFI Claims are literally false because they falsely claim that FormFactor's probes have better CCC performance **than Technoprobe's probes.** However, to arrive at this allegedly false meaning, Plaintiff would have had to insert the words "competitors" and/or "Technoprobe" into the statements, as demonstrated below (in bold underline). *See* D.I. 1, ¶¶ 30, 35, 41.

| (1) Probe CCC Comparison Claim – Slide 10 ||
|---|---|
| Plaintiff's Interpretation of Claim | Actual Claim |
| "The light blue bars show 'Previous Generation Probes' **from FFI competitors, including Technoprobe**."<br><br>D.I. 1,¶ 30 (emphasis added). | The light blue bars show "Previous Generation Probes."<br><br>D.I. 1,¶ 29; D.I. 1-5, at 10. |
| (2) >50% Improved CCC Claim – Slide 10[2] ||
| Plaintiff's Interpretation of Claim | Actual Claim |
| MT next generation probes provide >50% improved CCC over current gen. MEMS probes **[including Technoprobe's]**.<br><br>D.I. 1,¶ 34 (emphasis added). | "MT next generation probes provide >50% improved CCC over current gen. MEMS probes."<br><br>D.I. 1,¶ 29; D.I. 1-5, at 10. |
| (3) 65% Improved CCC Claim – Slide 23 ||
| Plaintiff's Interpretation of Claim | Actual Claim |
| MeGP improves effective CCC **[over Technoprobe's]** by 65% depending on the probe architecture.<br><br>D.I. 1, ¶ 41 (emphasis added). | "MeGP improves effective CCC by 65% depending on the probe architecture."<br><br>D.I. 1, ¶ 40. |

The best Plaintiff can allege is that the FFI Claims were ambiguous, insofar it is unclear whether "Previous Generation Probes" and "current gen. MEMS probes" include Technoprobe's products. In fact, this is something that the Complaint itself alleges. *See* D.I. 1, ¶¶ 31, 36, 42. An ambiguous statement, however, can never be literally false. *Novartis*, 290 F.3d at 587. Plaintiff has not therefore sufficiently pled that FormFactor's statements are literally false.

---

[2] Plaintiff states in passing that this claim would still be false because the graph does not evidence greater than 50% increase at every probe pitch. But the claim did not state that it was with respect to all probe pitches, and as Plaintiff concedes in the same breath as the accusation, the degree of increase for each pitch is clear from the face of the graph. D.I. 1 ¶ 29. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 632 F. Supp. 2d 362, 366 (D. Del. 2009) (dismissing false advertising claims after finding that plaintiff took statements "out of context and omitted relevant language").

>       *ii.    FormFactor's statements are not misleading*

Nor does Plaintiff's alternative theory that the FFI Claims are misleading save its pleading. Under the Third Circuit law, courts are "obligated" to assess alleged false or misleading statements "in the context of the entire accused advertisement." *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 253 (3d Cir. 2011); *see also Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 946 (3d Cir. 1993) (holding that it is appropriate to "analyze the message conveyed in full context"). While the FFI Claims do not mislead the reasonable consumer into believing that Technoprobe's probes are at issue when viewed in isolation, it is especially apparent when viewed within the full context of the entire 24-slide Presentation slide deck. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 632 F. Supp. 2d 362, 366 (D. Del. 2009) (dismissing false advertising claims after plaintiff took statements "out of context and omitted relevant language"); *Incarcerated Entertainment*, 331 F.Supp.3d at 362; *Johnson & Johnson*, 19 F.3d at 129 (whether claim is misleading "depends on the message that is conveyed to consumers").[3] The Complaint does not (and cannot) adequately plead how the FFI Claims are misleading in light of this context, let alone any additional context provided when the Presentation was actually delivered—which Technoprobe fails to allege.

Reviewing the Presentation in its entirety, it is even more apparent to a reasonable consumer that the FFI Claims compare FormFactor's new generation probes with ***its own*** prior generation probes, not Technoprobe's (or others'). *See Pernod Ricard*, 653 F.3d at 253. Technoprobe is not mentioned at all in the entire deck (nor are other competitors). Conversely, Slide 8 preceding the FFI Claims explicitly states that the Presentation compares the CCC of ***two of FormFactor's own probes*** bearing the "MF" designation: s

---

[3] The full 24-slide deck can be considered at this stage because Plaintiff itself appended it to the Complaint. *See Maya Swimwear, Corp. v. Maya Swimwear, LLC*, 789 F. Supp. 2d 506, 512 (D. Del. 2011) (At pleadings stage, courts may consider "exhibits attached to the complaint").

| Product A x8 Hybrid Available CCC Example | | |
|---|---|---|
| Hybrid Probe Type | MF100F | MF130F |
| CCC (mA) | 1,200 | 1,500 |
| Probe Count | 4,216 | 15,248 |
| Total CCC (mA) | 5,059,200 | 22,872,000 |
| Total Probe Card Available CCC (mA) | 1,435 | |
| % Improvement over Single Probe (MF100) | 20% | |

D.I. 1-5, at 8 (emphasis added). Indeed, the next slide, Slide 9, includes a graph generated from the data from Slide 8 comparing FormFactor's MF100F and MF130F probes:



D.I. 1-5, 9. Noticeably, the Slide 9 graph uses the same light blue color appearing in the next graph, on Slide 10, indicating that the "Previous Generation Probes" refer to *FormFactor's* MF Probes:



D.I. 1-5 at 10. Slide 12 of the Presentation uses the same colors again; its legend expressly

confirms the graph is comparing FormFactor's "MT Probes" with its "MF probes":



D.I. 1-5, at 12. It is clear from the full context and the face of the Presentation that the "Previous Generation Probes" do not include probes other than FormFactor's own: none from any competitors, and certainly none from Technoprobe. *See Pernod Ricard*, 653 F.3d at 253. Thus, Plaintiff fails to allege that the FFI Claims are misleading.

### 3.  Plaintiff Fails to Allege Materiality

Finally, Plaintiff fails its burden to plead facts that any alleged deception caused by the FFI Claims were "material in that it is likely to influence purchasing decisions." *See Incarcerated Entertainment*, 331 F.Supp.3d at 362. The Complaint only alleges, in conclusory fashion, that "[CCC] is a feature that is material to the function of probe cards and material to those who purchase and use probe cards." D.I. 1, ¶ 27. But the Complaint does not allege how a claim of a higher or lower CCC—the FFI Claims in question—would be material to the function of probes, or to a purchasing decision. The Complaint does not otherwise allege facts that would go toward materiality, such as an allegation that the FFI Claims increased the sales of FormFactor's probes or caused consumers to choose FormFactor's probes instead of Technoprobe's probes. Nor does Plaintiff plead why the three FFI Claims, in the context of a 24-slide Presentation, would materially influence the purchasing decision of any consumer. Instead, the Complaint just repeats the word

"material" throughout the Complaint in conclusory fashion to assert that the FFI Claims are "materially false and misleading." *Id.* ¶¶ 29, 31, 33, 34, 36, 38, 40, 42, 44, 66-69, 72-73; *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").

### C.   Plaintiff Fails to State a Claim for Induced or Willful Infringement

To survive a motion to dismiss a claim for induced infringement, a plaintiff must sufficiently allege *inter alia* that a defendant (1) "knew" that another party's acts constituted infringement and (2) "specifically intended" another party to infringe the patent. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). To survive a motion to dismiss a claim for willful infringement, a plaintiff must sufficiently allege at a minimum: "facts from which it can be plausibly inferred that the party accused of infringement (1) had knowledge of or was willfully blind to the existence of the Asserted Patent and (2) had knowledge of or was willfully blind to the fact that the party's alleged conduct constituted, induced, or contributed to infringement of the Asserted Patent." *Malvern Panalytical Ltd v. Ta Instruments-Waters LLC*, No. 19-CV-2157-RGA, 2021 WL 3856145, at *2 (D. Del. Aug. 27, 2021) (citations omitted). "Willful infringement claims" are one type of claims of enhanced damages brought under 35 U.S.C. § 284, *see, e.g., Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 493 (D. Del. 2019), which are available only in "egregious cases" of misconduct that involve more than "typical" infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 110 (2016).

### 1.   The Claims for Induced and Willful Infringement Should be Dismissed For Insufficiently Alleging FormFactor's Knowledge of the '885 Patent or Infringement

The Complaint's allegations do not support a plausible inference that FormFactor "knew" of the '885 Patent and the alleged infringement either before or after the filing of this suit.

The Complaint is silent as to FormFactor's *pre-suit* knowledge of the '885 Patent or infringement of the patent. It alleges only that "FormFactor has been aware of the '885 Patent's

existence at least as early as the service of this Complaint." D.I. 1, ¶ 62. Induced and willful

infringement claims cannot be based on an event that had not even happened when the complaint

was filed. *See VLSI Tech. LLC v. Intel Corp.*, No. CV 18-966-CFC, 2019 WL 1349468, at *2 (D.

Del. Mar. 26, 2019) (dismissing claim for enhanced damages based on willful infringement when

knowledge of the patent was alleged based on filing of the complaint); *see also Dodots Licensing*

*Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Dec. 19,

2018) (finding plaintiff's allegations regarding knowledge deficient because of the lack of factual

allegations of pre-suit knowledge).[4]

        The other conclusory and unsupported allegations do not fix this flaw. The Complaint

alleges that FormFactor has induced "third parties to sell, promote, offer to sell, make, use, and/or

import the Accused Products in the United States, and particularly in Delaware," D.I. 1, ¶ 58,

which is mere "formulaic recitation of the elements of" 35 U.S.C. § 271(b). *See Dodots Licensing*,

2018 WL 6629709, at *4 (dismissing induced infringement claim). The Complaint also alleges that

FormFactor had "actual or constructive knowledge" of the '885 Patent and "knows or should

know" that the acts of the third parties will result in infringement of the '885 Patent "[t]hrough

---

[4] Decisions in this District vary as to whether allegations of knowledge of a patent and infringement based on the filing and service of the complaint alone may support willful and induced infringement claims, although it appears that the majority view is that such allegations do not suffice. *Compare VLSI* (no), *and B# on Demand LLC v. Spotify Tech. S.A.*, 484 F. Supp. 3d 188 (D. Del. 2020) (no), *with Groove Digital, Inc. v. Jam City, Inc.*, No. 1:18-cv-01331-RGA, 2019 WL 351254, at *4 (D. Del. Jan. 29, 2019) (yes); *see Wrinkl, Inc. v. Facebook, Inc.,* No. 20-CV-1345-RGA, 2021 WL 4477022, at *8 (D. Del. Sept. 30, 2021) (acknowledging the conflict, dismissing induced and willful infringement claims). We submit the better approach is that the majority view, because "[t]he purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *VLSI*, 2019 WL 1349468, at *2.

In any case, there is no dispute that the failure to allege pre-suit knowledge of infringement requires the dismissal of claims of *pre-suit* induced and willful infringement.  As such, the Complaint's allegations of induced and willful infringement should be dismissed at least as to the time before the Complaint was served.

distribution and/or sales agreements with third-party distributors and customers," D.I. 1, ¶ 58. But these are mere "unsupported conclusions and unwarranted inferences." *See Schuylkill Energy Res., Inc. v. Penn. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). The Complaint does not allege any *facts* supporting the "actual or constructive knowledge" claim, nor any facts about "agreements," or how those agreements show knowledge of infringement.

Finally, although the Complaint's allegation of post-suit knowledge of the *patent* is a tautology, it does not sufficiently allege post-suit knowledge of *infringement*. The Complaint instead alleges that FormFactor "has no reasonable basis for believing … the Accused Products do[] not infringe," D.I. 1, ¶ 62, which is merely speculative and without any factual support. The Complaint's failure to allege any facts supporting even post-suit knowledge of infringement is an additional basis to dismiss the induced and willful infringement claims entirely. *See HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 11-770-RGA, 2012 WL 2580547, at *1 (D. Del. July 3, 2012) ("Stating that the defendant was on notice of a patent as of a certain date is insufficient to provide a factual basis for alleging knowledge [to support a claim of inducement and willfulness].").

### 2. The Induced Infringement Claim Should Be Dismissed Because it Does Not Allege Specific Intent

The Court should also dismiss the inducement claim because The Complaint does not allege facts to establish that FormFactor "specifically intended" others to infringe. Besides knowledge of infringement, induced infringement requires a plaintiff to demonstrate a defendant's "culpable conduct, directed to encouraging another's infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

The allegation that FormFactor "has specific and actual intent to cause the third-party customers and/or distributors to infringe the '885 Patent," D.I. 1, ¶ 58, is a "bald assertion" rather

than a factual allegation. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (a court is not obligated to accept as true "bald assertions").

The Complaint also says nothing about how and when FormFactor supposedly "instruct[ed], encourage[d], and/or aid[ed]" infringement; nor are there any factual allegations about FormFactor's supposed "instructing and training" activities. The Complaint cites the Presentation generally (though not specifically in connection with the induced infringement allegations, *see* ¶¶ 58 and 59), but does not identify any particular statement in the Presentation that reasonably supports an inference that FormFactor has "instruct[ed] and train[ed]" others "to use one or more of the Accused Products in a manner covered by at least claim 1 of the '885 Patent" or has "instruct[ed], encourage[d], and/or aid[ed]" infringement otherwise. None of the Complaint's allegations support an inference that FormFactor "has specific and actual intent" to cause others to infringe. *See Dodots Licensing*, 2018 WL 6629709, at *4 (allegations as to specific intent fell short because plaintiff merely generically cited to defendants' website and marketing activities and did not identify any particular statement or material that plausibly suggests that defendants intended to induce infringement).

3.   The Willful Infringement Claim Should Be Dismissed Because The Complaint Does Not Allege Any Other Egregious Acts

Besides the deficient allegations of knowledge of infringement, the willful infringement claim (and accompanying request for enhanced damages) also fails because the Complaint fails to allege any facts to support an inference that FormFactor's behavior was "egregious" beyond "typical" infringement. *See Wrinkl*, 2021 WL 4477022, at *7 ("Willful patent infringement is the rare exception, not the rule."). The Complaint merely alleges, in conclusory fashion, that "FormFactor has willfully infringed the '885 Patent, justifying the assessment of treble damages pursuant to 35 U.S.C. § 284," D.I. 1, ¶ 60, and that FormFactor has no reasonable basis for alleging

that the Asserted Patent is not infringed or invalid, D.I. 1, ¶ 62. This is not enough. *See Schuylkill Energy*, 113 F.3d at 417; *see also Bos. Sci. Corp*, 415 F. Supp. 3d at 495 (finding insufficient factual pleading of willfulness by the mere statement that "Nevro's infringement is reckless, knowing, deliberate, and willful.").

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Count II and the induced infringement and willful infringement aspects of Count I (and any claim for enhanced damages or other relief based on willful infringement) should be dismissed for failure to state a claim.

ASHBY & GEDDES

*/s/ John G. Day*

_____

John G. Day (#2403)

Andrew C. Mayo (#5207)

500 Delaware Avenue, 8th Floor

P.O. Box 1150

Wilmington, DE 19899

(302) 654-1888

jday@ashbygeddes.com

amayo@ashbygeddes.com

*Attorneys for Defendant FormFactor, Inc.*

*Of Counsel:*

T. Vann Pearce, Jr.

Steven J. Routh

Jasmine W. Zhu

Orrick, Herrington & Sutcliffe LLP

Columbia Center

1152 15th Street, N.W.

Washington, DC  20005-1706

(202) 339-8400

Sheryl K. Garko

Caroline Simons

Ryan Lind

Orrick, Herrington & Sutcliffe LLP

222 Berkeley Street, Suite 2000

Boston, MA 02116

(617) 880-1800

Anri Nakamoto

Orrick, Herrington & Sutcliffe LLP

Izumi Garden Tower, 28th Floor

6-1 Roppongi 1-Chome

Minato-ku, Tokyo, 106-6028

Japan

81 3 3224 2089

Dated:  September 27, 2023