IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOPROBE S.P.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-842-JCG |
| | ) |
| FORMFACTOR, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT FORMFACTOR'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

*Of Counsel:*

T. Vann Pearce, Jr.
Steven J. Routh
Jasmine W. Zhu
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
(202) 339-8400

Sheryl K. Garko
Caroline Simons
Ryan Lind
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
(617) 880-1800

Anri Nakamoto
ORRICK, HERRINGTON & SUTCLIFFE LLP
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-Chome
Minato-ku, Tokyo, 106-6028
Japan
81 3 3224 2089

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant FormFactor, Inc.*

Dated: December 20, 2023

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

I.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR WILLFUL
     OR INDUCED INFRINGEMENT ....................................................................... 1

     A.   The Original Complaint Does Not Provide "Pre-Suit" Knowledge ...................... 2
     B.   Technoprobe's Other Allegations Are Insufficient to Support an Inference
          of FormFactor's Pre-Suit Knowledge .................................................................... 3
     C.   Technoprobe Also Fails To Establish That The Original And Amended
          Complaints Provide Post-Suit Knowledge ............................................................. 5
     D.   Technoprobe Further Fails to Allege Sufficient Facts to Infer Culpable
          Conduct for a Willfulness Claim ............................................................................ 7

II.  TECHNOPROBE FAILS TO ALLEGE LITERAL FALSITY ........................ 7

CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bd. of Directors of Sapphire Bay Condominiums W. v. Simpson*,
 641 F. App'x 113 (3d Cir. 2015) ............................................................................................8, 10

*Bio-Rad Lab'ys, Inc. v. 10X Genomics, Inc.*,
 No. 19-CV-12533-WGY, 2020 WL 2079422 (D. Mass. Apr. 30, 2020) ..................................4

*Bos. Sci. Corp. v. Nevro Corp.*,
 560 F. Supp. 3d 837 (D. Del. 2021) .........................................................................................5

*Castrol, Inc. v. Pennzoil Co.*,
 987 F.2d 939 (3d Cir. 1993) ............................................................................................8, 9, 10

*Checker CAB Philadelphia, Inc. v. Uber Techs., Inc.*,
 No. CV 14-7265, 2016 WL 950934 (E.D. Pa. Mar. 7, 2016) ...................................................8

*Cleveland Med. Devices Inc. v. ResMed Inc.*,
 No. CV 22-794-GBW, 2023 WL 6389628 (D. Del. Oct. 2, 2023) .......................................3, 5

*Clouding IP, LLC v. Amazon.com, Inc.*,
 No. CA 12-641-LPS, 2013 WL 2293452 (D. Del. May 24, 2013) .......................................2, 5

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
 802 F. Supp. 2d 527 (D. Del. 2011) .........................................................................................3

*Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*,
 774 F.3d 192 (3d Cir. 2014) ...............................................................................................7, 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
 579 U.S. 93 (2016) ............................................................................................................2, 6, 7

*ICON Health & Fitness, Inc. v. Tonal Sys., Inc.*,
 No. CV 21-652-LPS-CJB, 2022 WL 611249 (D. Del. Feb. 7, 2022) ..................................2, 4

*Intel. Ventures I LLC v. Toshiba Corp.*,
 66 F. Supp. 3d 495 (D. Del. 2014) ...........................................................................................4

*Logic Devices, Inc. v. Apple, Inc.*,
 No. C 13-02943 WHA, 2014 WL 491605 (N.D. Cal. 2014) ....................................................3

*Magnesita Refractories Co. v. Tianjin New Century Refractories Co.*,
 No. 1:17-CV-1587, 2019 WL 1003623 (E.D. Pa. Feb. 28, 2019) ......................................8, 10

*Malvern Panalytical Ltd v. Ta Instruments-Waters LLC*,
    No. 19-CV-2157-RGA, 2021 WL 3856145 (D. Del. Aug. 27, 2021) ...................................3, 4

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
    851 F.3d 1275 (Fed. Cir. 2017)..................................................................................2, 5, 6

*Midwest Energy Emissions Corp. v. Vistra Energy Corp.*,
    2020 WL 3316056 (D. Del. June 18, 2020) *report and recommendations adopted*, 2020 WL 8265330 (D. Del. July 15, 2020) .................................................................3

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*,
    290 F.3d 578 (3d Cir. 2002)...............................................................................7, 8, 9

*Ravgen, Inc. v. Ariosa Diagnostics, Inc.*,
    C.A. No. 20-1646-RGA-JLH, 2021 WL 3526178 (D. Del. Aug. 11, 2021) ........................3, 7

*Schering–Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*,
    586 F.3d 500 (7th Cir. 2009) (Posner, J.) ..................................................................10

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007)..................................................................................2, 5, 6

*Simplivity Corp. v. Springpath, Inc.*,
    No. CV 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016)..............................4, 5

*VLSI Tech. LLC v. Intel Corp.*,
    No. CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)..........................................5

**Statutes**

Fed. R. Civ. P. 8................................................................................................................1

Fed. R. Civ. P. 11..............................................................................................................1

Lanham Act....................................................................................................................10

**INTRODUCTION**

Plaintiff Technoprobe does not dispute that, when first sued, Defendant FormFactor had *no knowledge whatsoever* of its alleged infringement of the asserted '885 Patent. The Original Complaint (D.I. 1) nonetheless asserted induced and willful infringement claims without any basis for alleging the knowledge element of each claim. When FormFactor moved to dismiss those claims based on this undisputed fact, Technoprobe filed an Amended Complaint (D.I. 13) that relies on the defective Original Complaint to allege that FormFactor *should now be deemed* to know of its alleged infringement of the '885 Patent. Allowing induced and willful infringement claims under these circumstances would reward Technoprobe for filing its defective claims in the first place, and would encourage plaintiffs to file similar baseless pleadings despite the complete absence of the required knowledge element. The Court should not permit Technoprobe to end-run the substantive elements of induced and willful infringement in disregard of pleading requirements of Fed. R. Civ. P. 8 & 11. As to the false advertising claim, Technoprobe spends five pages explaining why three statements allegedly made by FormFactor *could be* read to have a false meaning. But that merely confirms that the meaning of the statements is ambiguous, and therefore *not* literally false.

**I.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR WILLFUL OR INDUCED INFRINGEMENT**

Technoprobe is wrong in attempting to refer back to the Original Complaint to support its assertion of pre-suit knowledge. The Federal Circuit and Delaware courts have ruled that the "pre-suit" knowledge required to support a claim of induced or willful infringement is the knowledge the defendant possessed when the claim was first filed – in this case, when the Original Complaint was filed. Any alleged knowledge subsequent to that filing should not be considered in determining whether *pre*-suit knowledge has been sufficiently pled. Technoprobe is also wrong in relying on

the Original and Amended Complaints to allege "post-suit" knowledge of the '885 Patent to support its improper willful infringement claim. Those allegations cannot satisfy the threshold requirement of an "egregious case" necessary to support a claim of willful infringement under *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 110 (2016).

### A.    The Original Complaint Does Not Provide "Pre-Suit" Knowledge

Contrary to Technoprobe's assertions, the Original Complaint cannot function as "a pre-complaint notice letter" where Technoprobe asserted induced and willful infringement claims in that Complaint. Pre-suit notice must predate the filing of induced or willful infringement claims. *See, e.g., Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017) ("[t]he relevant date for determining which conduct is pre-suit is the date of the patentee's affirmative allegation of [willful] infringement"); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct"); *Clouding IP, LLC v. Amazon.com, Inc.*, No. CA 12-641-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013) (same).

Technoprobe cites *Clouding IP* and *ICON*, but those decisions fail to support its argument that the Original Complaint may serve as "a pre-complaint notice letter." D.I. 24 at 6. In both cases, willful infringement claims were first asserted in the *amended* complaints. *Clouding IP*, 2013 WL 2293452, at *1; *ICON Health & Fitness, Inc. v. Tonal Sys., Inc.*, No. CV 21-652-LPS-CJB, 2022 WL 611249, at *3 n.5 (D. Del. Feb. 7, 2022). Contrarily, Technoprobe asserted induced and willful infringement claims in the Original Complaint, which therefore cannot serve as *pre-suit* notice or knowledge of the '885 Patent or its infringement.[1]

---

[1] The *ICON* court acknowledged a lack of agreement among Delaware courts about whether a plaintiff can plead knowledge of an asserted patent in an amended complaint simply by pointing to an earlier-filed complaint in the same case. The cases relied on by the *ICON* court for

### B.      Technoprobe's Other Allegations Are Insufficient to Support an Inference of FormFactor's Pre-Suit Knowledge

The Amended Complaint's allegations, individually or collectively, do not support an inference of FormFactor pre-suit knowledge, contrary to Technoprobe's assertions. *See* D.I. 24 at 10-14. Delaware courts "require plaintiff's complaint to plead knowledge and intent for indirect infringement claims on motions to dismiss." *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 535 (D. Del. 2011); *see also, e.g., Midwest Energy Emissions Corp. v. Vistra Energy Corp.*, 2020 WL 3316056, at *7 n.14 (D. Del. June 18, 2020), *report and recommendation adopted*, 2020 WL 8265330 (D. Del. July 15, 2020). As FormFactor's partial motion to dismiss explained, the Amended Complaint fails to sufficiently plead knowledge and intent for indirect and willful infringement claims. *See* D.I. 18 at 7-15. Technoprobe concedes that "[t]he knowledge element … implicates a defendant's mental state, it is typically difficult to demonstrate with direct evidence." D.I. 24 at 11. But that does not excuse Technoprobe's failure to plead facts supporting such knowledge.

Technoprobe effectively concedes that none of the Amended Complaint's allegations establishes the required knowledge on its own. *See* D.I. 24 at 11-14. But even "taken collectively," the Amended Complaint's allegations do not reach the level of pre-suit knowledge required to maintain a claim. *See Cleveland Med. Devices*, No. CV 22-794-GBW, 2023 WL 6389628, at *5 (allegations did not contain the level of specificity required in *Ravgen, Inc. v. Ariosa Diagnostics, Inc.*, C.A. No. 20-1646-RGA-JLH, 2021 WL 3526178 (D. Del. Aug. 11, 2021)); *Malvern Panalytical Ltd v. Ta Instruments-Waters LLC*, No. 19-CV-2157-RGA, 2021 WL 3856145, at *3 (D. Del. Aug. 27, 2021) (allegations could not support inferences of pre-suit knowledge); *Logic

---

this proposition centered on pleading *post-suit* knowledge. *ICON*, 2022 WL 611249, at *3 n.4. Thus, *ICON* does not stand for the proposition that the Original Complaint provides *pre-suit* knowledge.

*Devices, Inc. v. Apple, Inc.*, 2014 WL 491605, *2-*3 (N.D. Cal. 2014) (allegations of isolated past events do not support inference of pre-suit knowledge). The Amended Complaint fails to allege even generally that FormFactor has monitored Technoprobe's patents, and in any event such allegations have been "routinely rejected in this District and others." *Malvern*, C.A. No. 19-2157-RGA, 2021 WL 3856145, at *3.[2]

The allegations in Technoprobe's Amended Complaint are even less specific than those relating to the "presentation" in *Intellectual Ventures*. The complaint there contained general allegations that there were "discussions with Intellectual Ventures … a presentation provided by Intellectual Ventures to Toshiba …, and a letter sent by Intellectual Ventures to Toshiba ..." *Intel. Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 499–500 (D. Del. 2014). Similarly, here, the Amended Complaint includes conclusory allegations that "Technoprobe's patented guide plate technology was publicly presented at SWTest 2023" that "showed an embodiment of the patented guide plate technology, along with the text 'Technoprobe Patented solution.'" D.I. 13, ¶ 26. But the SWTest 2023 presentation "was publicly presented" to a general audience without any alleged targeting of FormFactor or its personnel. And simply mentioning the word "patented" does not make the Technoprobe presentation any more specific than that in *Intel. Ventures*.

Finally, the Amended Complaint's allegation that FormFactor competes in the semiconductor testing market, even taken together with other allegations, does not reach the level of specificity required in *Bio-Rad* and *SimpliVity*. The *Bio-Rad* court found sufficient pleading of pre-suit knowledge based on defendant's access to plaintiff's patent portfolio. *Bio-Rad Lab'ys,*

---

[2] The *Malvern* court found that "[e]ven considering the totality of the circumstances," the plaintiff's "allegations of competitor monitoring, particularly where they do not reference the patents-in-suit," could not support inferences of pre-suit knowledge. *Id*. Similarly, the allegations in the Amended Complaint that "the parties are two main competitors in the industry" make no reference to the '885 Patent and are too remote to infer that FormFactor had pre-suit knowledge.

*Inc. v. 10X Genomics, Inc.*, 2020 WL 2079422, at *5 (D. Mass. Apr. 30, 2020). And the *Simplivity* court found pre-suit knowledge to be sufficiently pled based on allegations that the defendant "surreptitiously investigated [plaintiff's] technology" and "thereafter developed a product which mimics the technology in the [asserted patent]." *Simplivity Corp. v. Springpath, Inc.*, 2016 WL 5388951, at *9 (D. Mass. July 15, 2016). Those additional allegations related specifically to the patents in suit. Technoprobe's Amended Complaint includes no such allegations and therefore fails to allege sufficient pre-suit knowledge to support claims of induced and willful infringement.

      **C.**    **Technoprobe Also Fails To Establish That The Original And Amended Complaints Provide Post-Suit Knowledge**

Technoprobe seeks to rely on both its Original and Amended Complaints in asserting post-suit knowledge, *see* D.I. 24 at 7-10, but that is based on an inaccurate reading of controlling law on multiple levels. First, Technoprobe inaccurately contends that decisions finding that a complaint alone can provide post-suit knowledge represent "the overwhelming weight of authority in this District" and that decisions finding the opposite "represent a minority view." *Id.* at 7. But it fails to explain why the opposite position would be wrong on its merits given the decision of *Seagate* and the benefit of avoiding "creat[ing] a claim" by simply filing a complaint and having "all infringement suits involve willful infringement" as the courts in *Cleveland Med. Devices*, *Bos. Sci. Corp.*, and *VLSI* all pointed out. *See Cleveland Med. Devices Inc. v. ResMed Inc.*, 2023 WL 6389628, at *6 n.7 (D. Del. Oct. 2, 2023); *Bos. Sci. Corp. v. Nevro Corp.*, 560 F. Supp. 3d 837, 844 (D. Del. 2021); *VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). Technoprobe further misreads *Boston Sci. Corp.*, where the court took the same position as in *VLSI* and *Cleveland Med. Devices*, explaining that "[t]he purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *Bos. Sci. Corp.*, 560 F. Supp. 3d at 844.

Second, Technoprobe's attempt to distinguish *VLSI* and *Cleveland Med. Devices*, D.I. 24 at 8, is based on a flawed reading of *Mentor Graphics*, *Seagate*, and *Clouding IP*, which provide that the relevant time period for "pre-filing" or "pre-suit" should be the time prior to the first filing of the induced or willful infringement claim. As in *VLSI* and *Cleveland Med. Devices*, Technoprobe first asserted its induced and willful infringement claims in the Original Complaint.

Third, the Plaintiff's reading of *Seagate* misses the point. D.I. 24 at 8-9. The Federal Circuit in *Seagate* explicitly took the position that "a willfulness claim *asserted in the original complaint* must necessarily be grounded exclusively in the accused infringer's pre-filing conduct," *Seagate*, 497 F.3d at 1374, foreclosing the possibility of relying on the original complaint having a willfulness claim as the basis for a defendant's actionable knowledge. *Halo* did not alter this part of the *Seagate* opinion relating to post-filing willful infringement claims but focused on the two-part test for enhanced damages. *See Halo*, 579 U.S. at 93. And *Seagate*'s offering of an alternative remedy (to move for a preliminary injunction) for post-filing reckless conduct shows that the court disfavors willful infringement claims in this context. *Seagate*, 497 F.3d at 1374. Indeed, the court strongly opined that asserting willful infringement or to accrue enhanced damages based solely on the infringer's post-filing conduct "should not be allowed" unless a patentee "attempt[s] to stop an accused infringer's [post-filing] activities." *Id*. And here, Technoprobe failed to plead that it has attempted to stop any post-filing activities.

Finally, *Mentor Graphics* did not reverse the district court's dismissal of an amended complaint "for failure to state a claim," D.I. 24 at 9-10, but rather for the court's abuse of discretion in granting a motion *in limine* precluding the plaintiff from presenting evidence of willful infringement. *Mentor Graphics*, 851 F.3d at 1296. *Mentor Graphics* does not support Technoprobe's position. Instead of "implicitly approv[ing] alleging post-suit knowledge via

service of a complaint," D.I. 24 at 9, the court endorsed *Seagate*'s ruling that "[t]he relevant date for determining which conduct is pre-suit is the date of the patentee's affirmative allegation of [willful] infringement." *Id.* at 1295.

### D. Technoprobe Further Fails to Allege Sufficient Facts to Infer Culpable Conduct for a Willfulness Claim

The Supreme Court in *Halo* held that the award of enhanced damages is "limit[ed]… to egregious cases of misconduct beyond typical infringement." *Halo*, 579 U.S. at 110. Technoprobe fails to recognize divided opinions within this District on whether a claim of willfulness must be supported by factual allegations beyond just knowledge of the patent and continuing infringement. *See Ravgen*, 2021 WL 3526178, at *4 (acknowledging the disagreement). We submit that the cases requiring plaintiff to allege at least *some* other basis on which the infringement is willful (*see* D.I. 18 at 15-16) take the better approach, consistent with *Halo*'s holding limited willful infringement to "egregious cases." If all that is required to plead willful infringement is alleging knowledge of the patent and subsequent continuing infringement, then willful infringement could be alleged in literally every patent infringement lawsuit, turning *Halo* on its head.

Here, Technoprobe first asserted willful infringement in its Original Complaint without alleging that FormFactor had any prior notice of its alleged infringement. And it simply reasserts the willful infringement claim in the Amended Complaint without alleging any other basis to claim that FormFactor's conduct actually was willful or exceptional. This failure is an independent basis for dismissing the claim of willful infringement.

## II. TECHNOPROBE FAILS TO ALLEGE LITERAL FALSITY

Technoprobe's laborious efforts to explain the purported meaning of the FormFactor Claims only confirms FormFactor's argument that the false advertising claim cannot proceed on a "literally false" theory as a matter of law. *See* D.I. 24 at 4-5, 18-20. "Only an unambiguous message

can be literally false." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 587 (3d Cir. 2002); *see also Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014) ("Unless [a] claim is unambiguous…, it cannot be literally false."). On their face, the FormFactor Claims do not unambiguously compare the CCC performance of FormFactor's probe cards with its competitors' probe cards (let alone Technoprobe's). Instead, the FormFactor Claims compare its featured technology against "current generation" and "previous generation" products, which is "either ambiguous or true" if both phrases are read—plausibly—to exclude FormFactor's competitors. *Bd. of Directors of Sapphire Bay Condominiums W. v. Simpson*, 641 F. App'x 113, 116 (3d Cir. 2015) (affirming dismissal of literally false claim); *see also* D.I. 18 at 16-19. This alone should conclude this straightforward inquiry, *Novartis*, 290 F.3d at 587, but instead Technoprobe goes to great lengths to persuade the Court that there is an alternate, false meaning to the plain language of the FFI claims. D.I. 24 at 4-5, 18-20. In so doing, Technoprobe only confirms FormFactor's argument that, at best, Technoprobe has stated a claim alleging that the FormFactor Claims are misleading.

First, Technoprobe argues that the Court cannot decide at this juncture whether FormFactor's claims are susceptible to more than one meaning. D.I. at 17. This is plainly wrong. Courts in this Circuit routinely dismiss claims of literal falsity when a plaintiff fails to allege facts demonstrating that the statement at issue is unambiguously false—as Technoprobe fails to do here. *See, e.g., Simpson*, 641 F. App'x at 116 (affirming dismissal of literally false claim after determining statements at issue were "either ambiguous or true"); *Ch*e*cker CAB Philadelphia, Inc. v. Uber Techs., Inc.*, No. CV 14-7265, 2016 WL 950934, at *7 (E.D. Pa. Mar. 7, 2016) (dismissing claims of literal falsity after finding that statements "read in the context of the entire posting, are deemed true"); *see also Magnesita Refractories Co. v. Tianjin New Century Refractories Co.*, No.

1:17-CV-1587, 2019 WL 1003623, at *14 (E.D. Pa. Feb. 28, 2019) (same).

Second, citing *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993), Technoprobe argues it "need not allege that Technoprobe was mentioned by name" to establish a literal falsity theory. D.I. 24 at 19. This is a strawman. The statement in *Castrol* was a claim that Pennzoil's oil "outperforms *any* leading motor oil," which unambiguously included competitors. 987 F.2d at 941 (emphasis added). By contrast, the FormFactor Claims only compare "previous generation" and "current gen[eration]" products, which the context of the rest of the slides confirms refers to FormFactor's own products. D.I. 18 at 17-18. Even absent that additional context, there is at minimum an ambiguity as to what constitutes "current gen[eration]" products. Put another way, Technoprobe's literal falsity theory fails not because FormFactor did not mention Technoprobe by name, but because the statements do not unambiguously concern any of FormFactor's competitors *at all*.

Third, Technoprobe's argument simply doubles down in conclusory fashion on its own interpretive framework for FormFactor's claims. For example, Technoprobe points to a bar graph and declares that the "light blue bars refer generically and without qualification to all 'Previous Generation Probes'—a designation that includes by virtue of not excluding, competitors including Technoprobe." D.I. 24 at 18. This explanation highlights the inferential leaps Technoprobe needs to take to conclude that a "generic" label necessarily includes or excludes competitors. Technoprobe spends five pages in its Opposition and an admitted "*nine pages consisting of twenty paragraphs*" (D.I. 24 at 2 (original emphasis)) in the Amended Complaint to explain how it thinks a consumer should "integrate [the] components" of FormFactor's alleged statement "and draw the apparent conclusion" Technoprobe advocates. *Novartis*, 290 F.3d at 587. Technoprobe's argument only demonstrates that the FormFactor Claims are not unambiguously false.

Finally, Technoprobe argues that such extensive exposition is necessary to explain how the materials would be understood "by probe card consumers themselves." D.I. 24 at 18. But that is the relevant inquiry for statements alleged to be misleading, *not* literal falsity. Technoprobe inadvertently confirms that this is the proper scope of the dispute and the only colorable theory of Technoprobe's false advertising claim. *See id.* at 5 n.5 ("FormFactor does not hereby seek to dismiss [Technoprobe's false advertising claim] to the extent is it based on the theory that the Claims are allegedly misleading."). "When the challenged advertisement is implicitly rather than explicitly false, its tendency to violate the Lanham Act by misleading, confusing or deceiving should be tested by public reaction." *Castrol*, 987 F.2d at 943. On the other hand, a literally false statement must "convey an unambiguous message" that is false. *Groupe SEB*, 774 F3d at 198. In other words, it must be a "patently false statement that means what it says to any linguistically competent person." *Schering–Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 513 (7th Cir. 2009) (emphasis added). At base, Technoprobe hopes that by insisting that the FFI Claims are literally false, it will be relieved of its burden to show that any consumers were misled. *Groupe SEB*, 774 F.3d at 198 ("[L]iteral falsity relieves the plaintiff of its burden to prove actual consumer deception."); *Magnesita*, 2019 WL 1003623, at *14. This is improper. Literal falsity applies to "bald-faced, egregious, undeniable, over the top" falsities. *Schering–Plough*, 586 F.3d at 513. Technoprobe's Opposition only confirms that the FFI Claims are "either ambiguous or true." *Simpson*, 641 F. App'x at 116. The Court should hold Technoprobe to its proper burden and rule that Technoprobe cannot pursue its false advertising claim on the theory of literal falsity.

## CONCLUSION

For the reasons above, FormFactor respectfully requests that the Court dismiss the induced infringement and willful infringement aspects of Count I (and any claim for enhanced damages or other relief based on willful infringement) and the aspects of Count II based on literal falsity.

|  |  |
|---|---|
| *Of Counsel:*<br><br>T. Vann Pearce, Jr.<br>Steven J. Routh<br>Jasmine W. Zhu<br>Orrick, Herrington & Sutcliffe LLP<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, DC  20005-1706<br>(202) 339-8400<br><br>Sheryl K. Garko<br>Caroline Simons<br>Ryan Lind<br>Orrick, Herrington & Sutcliffe LLP<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116<br>(617) 880-1800<br><br>Anri Nakamoto<br>Orrick, Herrington & Sutcliffe LLP<br>Izumi Garden Tower, 28th Floor<br>6-1 Roppongi 1-Chome<br>Minato-ku, Tokyo, 106-6028<br>Japan<br>81 3 3224 2089<br><br>Dated:  December 20, 2023 | ASHBY & GEDDES<br><br>*/s/ Andrew C. Mayo*<br>_____<br>John G. Day (#2403)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>jday@ashbygeddes.com<br>amayo@ashbygeddes.com<br><br>*Attorneys for Defendant FormFactor, Inc.* |