# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOPROBE S.P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-842-JCG |
| | ) | |
| FORMFACTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUR-REPLY BRIEF IN OPPOSITION TO
<u>DEFENDANTS' PARTIAL MOTION TO DISMISS</u>**

|  |  |
|---|---|
| | Andrew E. Russell (No. 5382) |
| OF COUNSEL: | SHAW KELLER LLP |
| Mark Sommers | I.M. Pei Building |
| Houtan K. Esfahani | 1105 North Market Street, 12th Floor |
| John C. Paul | Wilmington, DE 19801 |
| Jennifer Fried | (302) 298-0700 |
| Abhay Watwe | arussell@shawkeller.com |
| Kelly Horn | |
| Alexander E. Harding | *Attorneys for Plaintiff* |
| FINNEGAN, HENDERSON, FARABOW, | *Technoprobe S.P.A.* |
| GARRETT & DUNNER, LLP | |
| 901 New York Avenue, NW | |
| Washington, DC 20001-4413 | |
| (202) 408-4000 | |

Dated: December 28, 2023

I.  **Technoprobe Alleged that FormFactor Had Prior Notice of Its Patent Infringement Before the Service of the Original Complaint**

In its Reply, FormFactor incorrectly states that "Technoprobe does not dispute that, when first sued, Defendant had no knowledge whatsoever of its alleged infringement of the '885 patent." Reply, 1. That statement is false. The Amended Complaint alleges that FormFactor has known of its infringement since at least June 7, 2023, if not sooner given the competitive relationship between Technoprobe and FormFactor. *See* D.I. 13 (Amended Complaint), ¶ 20.

Specifically, in paragraph 79 of its Amended Complaint, Technoprobe alleges that FormFactor "has known since at least June 7, 2023 . . . that its probe cards implementing its advertised 'Metallized Guide Plate' technology infringed Technoprobe's intellectual property." Amended Complaint, ¶ 79. Technoprobe further alleges that FormFactor representative David Raschko attended SWTest conference on June 7 in 2023, observed a presentation by Technoprobe at that conference, and was advised in that presentation that this specific technology was a "Technoprobe Patented solution." *Id.*

Technoprobe filed the Original Complaint in this case nearly two months later on August 4, 2023 and the Amended Complaint on October 11, 2023. *See* D.I. 1, D.I. 13. And as alleged in the Amended Complaint, despite learning that Technoprobe has patented technology relating to metallized guide plates, "FormFactor proceeded with either direct knowledge of the '885 patent and its infringement or willfully blind to the existence of the '885 patent and its infringement." Amended Complaint, ¶ 79.

II.  ***Mentor Graphics*** **Never Limited Notice to Prior Allegations of "Willful" Infringement**

In its Opposition Brief, Technoprobe also explains that this Court has historically found that an earlier-filed original complaint that specifically alleges how a Defendant is infringing its patent will serve as pre-suit notice of infringement for the purposes of willful and induced

1

infringement to a later-filed amended complaint. Opposition, 6-7 (citing *Clouding IP, LLC v. Amazon.com, Inc.*, Nos. 12-641-LPS, -642-LPS, -675-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013); *ICON Health & Fitness, Inc. v. Tonal Sys., Inc.*, No. 21-652-LPS-CJB, 2022 WL 611249, at *3 n.5 (D. Del. Feb. 7, 2022)). FormFactor's allegation to the contrary (i.e., that the Original Complaint in this case cannot serve as such a notice letter) is premised on FormFactor's reconstruction of a single statement in the Federal Circuit's *Mentor Graphics* opinion.

Specifically, in its Reply, FormFactor attempts to distinguish the cases finding that an original complaint can function like a pre-suit notice letter for a later amended complaint (i.e., *Clouding IP* and *ICON*). Reply Brief, 2. But it does so based on the incorrect assertion that the legally pertinent date is the date on which a *willful* infringement claim—not any infringement claim—was first presented. *Id.* FormFactor finds support for this incorrect legal assertion only by inserting "willful" into a quote from the Federal Circuit's opinion in *Mentor Graphics* where it otherwise does not appear: "'[t]he relevant date for determining which conduct is pre-suit is the date of the patentee's allegation of [willful] infringement.'" Reply Brief, 2 (citing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017)) (brackets in original).

The cited language in *Mentor Graphics* does not say "willful," as modified by FormFactor, nor does the context of the opinion support such a linguistic change. Instead, *Mentor Graphics* focuses on "the filing date of the relevant suit." *Mentor Graphics*, 851 F.3d at 1295. This makes sense in context of *Mentor Graphics* because the underlying inquiry for the knowledge element of willful infringement focuses not on when a party knows it was willfully infringing, but rather, when it knows it was infringing *at all*. *Id.*

For these reasons, and those in Technoprobe's Opposition, FormFactor's motion should be denied.

OF COUNSEL:
Mark Sommers
Houtan K. Esfahani
John C. Paul
Jennifer E. Fried
Ahbay A. Watwe
Kelly S. Horn
Alexander E. Harding
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

Dated: December 28, 2023

/s/ Andrew E. Russell
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorneys for Plaintiff Technoprobe S.p.A.*