IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOPROBE S.P.A, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-842-JCG |
| | ) |
| FORMFACTOR, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**[PROPOSED] SCHEDULING ORDER [PATENT, NON-ANDA]**

This _____ day of _____, 2024, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.  <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within twenty-one (21) days of the date the Court enters this Order.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (see Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2.  <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **June 14, 2024**.

Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 4(g) and 5.

    3.    <u>Disclosures</u>.  Absent agreement among the parties, and approval of the Court:

    (a)    By **March 21, 2024**, Plaintiff shall identify the accused products, including accused methods and systems, and its damages model, as well as the asserted patent that the accused products allegedly infringe.  Plaintiff shall also produce the file history for the asserted patent.

    (b)    By **April 18, 2024**, Defendant shall produce core technical documents related to the accused products, sufficient to show how the accused products work, including but not limited to non-publicly available product design and specifications, operation manuals, product literature, and schematics.  Defendant shall also produce sales figures for the accused products.

    (c)    By **May 31, 2024**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

    (d)    By **July 12, 2024**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

    (e)    By **January 17, 2025**, Plaintiff shall provide final infringement contentions.

    (f)    By **February 7, 2025**, Defendant shall provide final invalidity contentions.

    4.    <u>Discovery</u>.  Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

      (a)    <u>Fact Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before **March 7, 2025**.

      (b)    <u>Document Production</u>.  Document production shall be substantially complete by **November 15, 2024**.

      (c)    <u>Interrogatories</u>.

          i.    The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

      (d)    <u>Depositions</u>.

          i.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of 80 hours of taking testimony by deposition upon oral examination.

          ii.    <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      (e)    <u>Disclosure of Expert Testimony</u>.

          i.    <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **April 4, 2025**.  The supplemental disclosure to contradict or rebut

evidence on the same matter identified by another party is due on or before **May 5, 2025**. Reply expert reports from the party with the initial burden of proof are due on or before **June 2, 2025**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

    iii. <u>Expert Discovery Cut-Off</u>. All expert discovery in this case shall be initiated so that it will be completed on or before **June 27, 2025**.

  (f) <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

    i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii. Should counsel find, after good faith efforts – including verbal communications among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Choe-Groves:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

4

>The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____
>
>Delaware Counsel: _____
>
>Lead Counsel: _____
>
>The disputes requiring judicial attention are listed below:
>
>[provide here a non-argumentative list of disputes requiring judicial attention]

        iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

        v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    5.    <u>Motions to Amend</u>.

        (a)    Any motion to amend (including a motion for leave to amend) a pleading shall **NOT** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not

5

to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

        (b)      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

        (c)      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

6.      <u>Motions to Strike</u>.

        (a)      Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

        (b)      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

        (c)      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

7.      <u>Technology Tutorials</u>.  Although technology tutorials are not required by the Court, if any party chooses to file such a tutorial, it shall be submitted on or before the date the Joint Claim Construction Brief is filed.

8. <u>Claim Construction Issue Identification</u>.  On or before **August 16, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  On or before **September 13, 2024**, the parties shall respond to and provide their proposed construction for any term(s)/phrase(s) presented by the other side for which the party did not initially provide a construction.  These documents will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **September 27, 2024**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>.  Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **October 18, 2024**.  Defendant shall serve, but not file, its answering brief not to exceed 7,500 words, on **November 1, 2024**.  Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **November 15, 2024**.  Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on **December 6, 2024**.  No later than **December 10, 2024**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their untiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.   Agreed-Upon Constructions

II.  Disputed Constructions

[TERM 1]

        1.      Plaintiff's Opening Position

        2.      Defendant's Answering Position

        3.      Plaintiff's Reply Position

        4.      Defendant's Sur-Reply Position

[TERM2]

        1.      Plaintiff's Opening Position

        2.      Defendant's Answering Position

        3.      Plaintiff's Reply Position

        4.      Defendant's Sur-Reply Position

If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

      10.    <u>Hearing on Claim Construction</u>.  Beginning at ___ on January ____, 2025, the Court will hear argument on claim construction.  The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

      Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

11. <u>Interim Status Report</u>. On **February 10, 2025**, counsel shall submit a joint letter to the Court with an interim report of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

12. <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than **December 13, 2024** the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

13. <u>Case Dispositive Motions</u>.

(a) All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **August 1, 2025** [a date approximately four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing]. Briefing will be presented pursuant to the Court's Local Rules, except that the deadline for answering summary judgment briefs shall be **August 22, 2025**, and the deadline for reply summary judgment briefs shall be **September 5, 2025**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b) <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes

the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

   The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

   (c) <u>Page limits combined with Daubert motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired provided, however, that each ***SIDE*** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert

motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.*

14. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date the Court enters this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

---

\*   The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

11

16. <u>Papers Filed Under Seal</u>.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

17. <u>Courtesy Copies</u>.  Unless otherwise ordered by the Court, two paper copies of the following documents shall be furnished: pleadings, motions, responses and replies to motions, briefs, memoranda of points and authorities, letters, and stipulations of uncontested facts. Parties are requested to file one paper copy of documents filed in support of pleadings and briefs, such as appendices, exhibits, declarations, and affidavits. One paper copy shall be furnished to the Clerk of Court at the United States Court of International Trade, One Federal Plaza, New York, New York 10278-0001.

18. <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19.     <u>Pretrial Conference</u>.  On January _____, 2026, the Court will hold a pretrial conference in Court with counsel beginning at _____.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.  The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

20.     <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference.  This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to [TBD].

21.     <u>Trial</u>.  This matter is scheduled for a ___ day jury trial beginning at 9:30 a.m. on February _____, 2026 with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.     <u>Judgment on Verdict and Post-Trial Status Report</u>.  Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

23.     <u>Post-Trial Motions</u>.  Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
The Honorable Jennifer Choe-Groves[†]
United States District Judge

---

[†] Judge Jennifer Choe-Groves of Court of International Trade, sitting by designation.

Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
| Parties Exchange Rule 26(a)(1) Initial Disclosures | 21 days after Court enters Scheduling Order |
| Plaintiff Identifies Accused Products, Damages Model, and Asserted Patents, and Produces File History | March 21, 2024 |
| Defendant Produces Core Technical Documents, Sales Figures | April 18, 2024 |
| Plaintiff Produces Initial Claim Chart | May 31, 2024 |
| Motions to Join Other Parties and to Amend Pleadings | June 14, 2024 |
| Defendant Produces Initial Invalidity Contentions | July 12, 2024 |
| Exchange of Claim Term for Construction/Phrases(s) and Proposed Claim Construction | August 16, 2024 |
| Parties to Provide Proposed Term(s)/Term(s) for Construction | September 13, 2024 |
| Joint Claim Construction Chart | September 27, 2024 |
| Plaintiff Serves Opening Claim Construction Brief | October 18, 2024 |
| Defendant Serves Answering Claim Construction Brief | November 1, 2024 |
| Completion of Substantial Document Production | November 15, 2024 |
| Plaintiff Serves Reply Claim Construction Brief | November 15, 2024 |
| Defendant Serves Sur-Reply Claim Construction Brief | December 6, 2024 |
| Parties File Joint Claim Construction Brief | December 10, 2024 |
| Parties Supplement Identification of all Accused Products and of all Invalidity References | December 13, 2024 |
| Claim Construction Hearing | January ___, 2025 |
| Plaintiff Provides Final Infringement Contentions | January 17, 2025 |
| Defendant Provides Final Invalidity Contentions | February 7, 2025 |

| Interim Status Report | February 10, 2025 |
|---|---|
| Fact Discovery Cut Off | March 7, 2025 |
| Opening Expert Reports | April 4, 2025 |
| Rebuttal Expert Reports | May 5, 2025 |
| Reply expert reports | June 2, 2025 |
| Expert Discovery Cut-Off | June 27, 2025 |
| Case Dispositive Motions and Opening Briefs | August 1, 2025 |
| Answering Briefs on Dispositive Motions | August 22, 2025 |
| Reply Briefs on Dispositive Motions | September 5, 2025 |
| Pretrial Conference | January ___, 2026 |
| Trial | February ___, 2026 |