## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TECHNOPROBE S.P.A.,

      Plaintiff,

v.

FORMFACTOR, INC.,

      Defendant.

Court No. 1:23-cv-00842-JCG

## OPINION AND ORDER

This matter involves patent infringement claims filed by Plaintiff

Technoprobe, S.p.A ("Plaintiff" or "Technoprobe") against Defendant FormFactor,

Inc. ("Defendant" or "FormFactor") alleging infringement of Technoprobe's guide

plate technology.  Before the Court is Defendant's Partial Motion to Dismiss

Plaintiff's Amended Complaint ("Motion") on the grounds that the Amended

Complaint does not allege sufficient facts to support Plaintiff's claims of indirect

and willful infringement and false advertising.  Def.'s Part. Mot. Dismiss Pl.'s Am.

Compl. (D.I. 17); see also Am. Compl. (D.I. 13).  Plaintiff filed Plaintiff's

Opposition to Defendant's Partial Motion to Dismiss ("Pl.'s Br.") (D.I. 24).

Defendant filed Defendant's Reply Brief in Support of Defendant's Partial Motion

to Dismiss Plaintiff's Amended Complaint (D.I. 27).  Plaintiff filed Plaintiff's Sur-

Reply in Opposition to Defendant's Partial Motion to Dismiss (D.I. 31).  For the reasons discussed below, Defendant's Partial Motion to Dismiss is denied.

## I.    Background

Plaintiff and Defendant both design, manufacture, promote, and sell electronic probe cards used in the testing of electronic semiconductor chips.  Am. Compl. ¶¶ 4–5, 10, 20 at 2–3, 4, 6.  Plaintiff owns the right, title, and interest in Patent No. 11,035,885 ("'885 Patent"), which was granted for guide plate technology improving the resiliency of probe cards to spikes in electrical voltage and currents by grouping individual pins across electrically conductive layers.  Id. ¶¶ 21, 37–38 at 7, 14; see also id. at Ex. A ("'885 Patent") (D.I. 13-1).  The '885 Patent was granted on June 15, 2021.  Id. ¶¶ 21, 37 at 7, 14.  Defendant promotes and sells probe cards incorporating guide plate technology that Plaintiff contends infringe the '885 Patent, such as the "Apollo," "Kepler," or "QiLin" probe cards ("Accused Products").  See id. ¶¶ 23, 24, 63 at 8, 24.

Both Plaintiff and Defendant attended and promoted their respective products at the SWTest 2023 Conference in June 2023.  See id. ¶¶ 25–31 at 9–12.  During the conference, Plaintiff delivered a presentation regarding its guide plate technology, which included the phrase "Technoprobe Patented solution."  Id. ¶ 26 at 9–10; id. at Ex. H at 22.  The presentation included an example of the guide plate technology and explained that the technology allowed for an increased

current carrying capability.  Id. ¶¶ 26–27 at 9–10.  At least one representative of Defendant was present for Plaintiff's presentation.  Id. ¶ 27 at 10.

Defendant also promoted its products using guide plate technology at the SWTest 2023 Conference.  Id. ¶¶ 28–31 at 10–12.  Defendant's public presentations at the conference included a slide comparing the current carrying capability of Defendant's current probes with that of "previous generation probes." Id. ¶¶ 28–31, 43 at 10–11, 16–18.  Defendant claimed that its new generation of probes offered a greater than 50% improvement in current carrying capability over the prior generation probes and that the probes could "[i]mprove [e]ffective [current carrying capability] by 65% depending on the probe architecture."  Id. ¶¶ 49, 55–56 at 19–20, 22; see also id. at Ex. E.

In addition to promoting its probe cards at the SWTest 2023 Conference, Defendant publicly promoted and sold its products to customers through its website.  Id. ¶¶ 32, 35–36 at 12–14.  Defendant made its promotional slides from the SWTest 2023 Conference available to customers on its website.  Id. ¶ 34 at 13.

## II.    Legal Standard

Federal Rule of Civil Procedure 8(a) requires that pleadings contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(1).  If pleadings fail to state a claim, in whole or in part, on which a court may grant relief, a defendant may seek to dismiss a complaint under Federal

Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Id.  Plausibility requires "more than a sheer possibility that a

defendant has acted unlawfully."  Id.  In considering a motion to dismiss, the Court

must assume the factual allegations contained in the complaint to be true and draw

all reasonable inferences in favor of the non-moving party.  Twombly, 550 U.S.

555–56.  However, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice" to state a claim.  Iqbal,

556 U.S. at 679.

    In patent infringement cases, allegations of infringement are governed by the

Iqbal/Twombly pleading standard.  Golden v. Apple Inc., 819 F. App'x 930, 930–

31 (Fed. Cir. 2020).  There must be some factual allegations that, when taken as

true, articulate why it is plausible that the accused product infringes the patent

claim.  Bot M8 LLC v. Sony Corp., 4 F.4th 1342, 1353 (Fed. Cir. 2021).

### III.    Discussion

#### A.    Indirect and Willful Infringement of the '885 Patent

Plaintiff's Amended Complaint alleges that Defendant indirectly and willfully infringed "at least claim 1 of the '885 Patent by inducing third parties to sell, promote, offer to sell, make, use, and/or import the Accused Products in the United States."  Am. Compl. at ¶¶ 75–80 at 28–29.  Defendant seeks dismissal of these claims, arguing that Defendant lacked the necessary pre-suit or post-suit knowledge of the patent or potential infringement.  Opening Br. Supp. Def.'s Part. Mot. Dismiss Pl.'s Am. Compl. ("Def.'s Br.") at 7–14 (D.I. 18).

#### 1.    Induced Infringement

Plaintiff filed pre- and post-suit induced infringement claims, alleging that Defendant had notice of its infringement of the '885 Patent since "as early as June 7, 2023 or the filing or service of Technoprobe's original Complaint in this action," which occurred in August 2023.  Am. Compl. ¶¶ 79–80, 82 at 29–30.

A plaintiff can prevail on claims of induced infringement only if it first establishes direct infringement.  See Limelight Networks, Inc. v. Akamai Techs., Inc., 572 U.S. 915, 921 (2014) ("[I]nducement liability may arise if, but only if, there is direct infringement." (internal quotation and citation omitted)).  Defendant does not argue in this Rule 12(b)(6) motion that Plaintiff failed to state a direct infringement claim on which relief can be granted for the '885 Patent, so for the

purposes of this motion, the Court presumes that Technoprobe has plausibly pled direct infringement of the '885 Patent.

To plead induced infringement under 35 U.S.C. § 271(b), "a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." Lifetime Indus., Inc. v. Trim-Lok, Inc., 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotations and citations omitted); see also 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). This requires a plaintiff to allege facts supporting a reasonable inference that the defendant had knowledge of the patent-in-suit. Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 764–66 (2011); see also bioMérieux, S.A. v. Hologic, Inc., No. 18-cv-00021-LPS, 2018 WL 4603267, at *5 (D. Del. Sept. 25, 2018). "[U]nlike direct infringement, the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." Microsoft Corp. v. DataTern, Inc., 755 F.3d 899, 904 (Fed. Cir. 2014) (citing Global-Tech Appliances, 563 U.S. at 764–66). Without knowledge of infringement, there is not enough to establish liability for induced infringement. See Global-Tech Appliances, 563 U.S. at 765–66. If actual knowledge is not adequately pled, a patentee can establish knowledge of patent infringement by showing that the

defendant was willfully blind—*i.e.*, by showing that the defendant (1) subjectively believed that there was a high probability that the induced acts constituted infringement and (2) took deliberate actions to avoid learning of that fact.  Id. at 769.

Specific intent is a distinct element from the knowing inducement of infringing acts.  "A party asserting a claim of induced infringement must plead facts plausibly demonstrating that there has been direct infringement, and that 'the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent.'"  Tonal Sys., Inc. v. ICON Health & Fitness, Inc., No. 20-cv-01197-LPS, 2021 WL 1785072, at *3 (D. Del. May 5, 2021) (quoting Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009)).

### a.    Pre-Suit Claim

The Amended Complaint alleges that "FormFactor has known since at least June 7, 2023 at the SWTest 2023 [C]onference that its probe cards implementing its advertised 'Metallized Guide Plate' technology infringed Technoprobe's intellectual property."  Am. Compl. ¶ 79 at 29.  The Amended Complaint states that "[a]t least one FormFactor representative, such as David Raschko, attended Technoprobe's presentation with [Advanced Micro Devices] at SWTest 2023 wherein Technoprobe specifically explained that this technology was a

'Technoprobe Patented solution,'" and "[d]espite learning that Technoprobe has patented technology relating to metallized guide plates for improving [current carrying capability], FormFactor proceeded with either direct knowledge of the '885 [P]atent and its infringement or willfully blind to the existence of the '885 [P]atent and its infringement." Id.

Plaintiff's allegation that Defendant had pre-suit knowledge of the '885 Patent and the potential for infringement is based on the belief that Defendant acquired the knowledge through Plaintiff's SWTest 2023 Conference presentation or the Parties' status as competitors in the same industry.  Am. Compl. ¶¶ 2, 25–31, 77–79 at 1–2, 9–12, 28–29.  Plaintiff pled that at least one representative of Defendant was present at the presentation, which included, "an embodiment of the patented guide plate technology, along with the text 'Technoprobe Patented solution.'" Id. ¶¶ 26, 79 at 9–10, 29, Ex. H.

Defendant contends that Plaintiff has not sufficiently pled facts supporting an inference that Defendant gained knowledge of the specific patent in-suit during the SWTest 2023 Conference.  Def.'s Br. at 9–10.  Defendant argues that Plaintiff's reference to a public presentation and the general statement "Technoprobe Patented solution" was not specific enough to establish knowledge of the '885 Patent.  Id.  Defendant asserts that because Plaintiff "received patent protection in the United States and other countries," the language "Technoprobe

Patented solution" did not clearly refer to a U.S. patent.  Id. at 10 (quoting Am.

Compl. ¶ 4 at 2–3).

Though general references to discussions or presentations might not provide

sufficient knowledge of a particular patent to support an induced infringement

claim, see Intellectual Ventures I LLC v. Toshiba Corp., No. 13-cv-04530-SLR-

SRF, 2015 WL 4916789, at *3 (D. Del. Aug. 17, 2015), Plaintiff's presentation

provided enough context to reasonably conclude that the guide plate technology

was subject to a patent.  The text "Technoprobe Patented solution" was displayed

prominently at the top of a slide that included a diagram of the product architecture

and language describing the resulting increased current carrying capacity of the

probe.  Am. Compl. ¶ 26 at 9–10; id. at Ex. H.  Those in attendance at Plaintiff's

presentation, including Defendant's representative, should have been on notice that

the guide plate technology being presented was subject to patent protection.

In the Amended Complaint, Plaintiff identifies Defendant as its "direct,"

"largest," and "closest" competitor.  Id. ¶¶ 3, 20, 31, 45 at 2, 6, 12, 18.  Given the

rapidly changing nature of technology markets, the Court does not accept the

position that participation in a specialized market is alone sufficient to establish

knowledge of a particular patent.  See EON Corp. IP Holding LLC v. FLO TV

Inc., 802 F. Supp. 2d 527, 533 (D. Del. 2011).  Defendant was not a passive

competitor in the market in this case.  By attending Plaintiff's SWTest 2023

Conference presentation, Defendant took an active step in observing the activities

of Plaintiff and put itself in a position to know of the patented technology.

Considering the facts alleged in the Amended Complaint in their totality and in the

light most favorable to the non-movant, the Court concludes that Plaintiff has

adequately pled facts supporting an inference that Defendant had pre-suit

knowledge of the '885 Patent.

Plaintiff contends that, despite having actual or constructive knowledge of

the '885 Patent, Defendant maintained distribution and sales agreements with

third-party distributors and customers for the Accused Products.  Am. Compl. ¶ 75

at 28.  Plaintiff alleges that Defendant "actively instructs, encourages, and/or aids"

infringement of the '885 Patent "through various acts, including instructing and

training its distributors and customers to use one or more of the Accused Products

in a manner covered by at least claim 1 of the '885 patent."  Id. ¶ 76 at 28.  As an

example, the Amended Complaint notes that Defendant's SWTest 2023

Conference presentation, which is available on Defendant's website, "repeatedly

promotes the [current carrying capability] benefits of using Technoprobe's

patented solution to both consumers and other industry members who attended

SWTest 2023."  Id. ¶ 77 at 29.  Defendant counters that Plaintiff's allegations are

"unsupported conclusions and unwarranted inferences" and that the Amended

Complaint does not allege any actual facts about distribution agreements or

Defendant's intent to infringe the '885 Patent.  Def.'s Br. at 12–13.

>   The U.S. Supreme Court has explained that:

>   [e]vidence of active steps . . . taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use.

Metro-Goldwyn Studios Inc, v. Grokster, Ltd., 545 U.S. 913, 936 (2005).  The

Amended Complaint does not allege that Defendant instructed its customers and

distributors to violate the '885 Patent, but alleges sufficient facts to plausibly show

that despite being aware that the Accused Products may infringe the '885 Patent,

Defendant continued to promote the use of the infringing technology and the

benefits of increased current carrying capability.  Accepting the allegations as true

and drawing all inferences in favor of the non-moving Party, the Court concludes

that Plaintiff has sufficiently pled facts showing specific intent to infringe and,

therefore, that the Amended Complaint contains sufficient facts to support a pre-

suit claim for induced infringement.

### b.    Post-Suit Claim

Even though a claim for pre-suit induced infringement is plausibly pled, the

Court will address the post-suit claim for induced infringement.  The Parties

dispute whether post-suit knowledge may support claims of induced infringement after the filing of the complaint.  Def.'s Br. at 13–15; Pl.'s Br. at 6–10.  This issue generally arises when an amended complaint is filed, with the dispute over whether the allegations of knowledge and continuing infringement refer, at a minimum, to the period between the filing of the original complaint and the filing of the amended complaint.

The Court takes the approach that pre-filing knowledge is not required to state a claim for inducement.  See Clouding IP, LLC v. Amazon.com, Inc. ("Clouding IP"), Nos. 12-cv-00641-LPS, 12-cv-00642-LPS, 12-cv-00675-LPS, 2013 WL 2293452, at *3 (D. Del. May 24, 2013); DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc. ("DoDots"), No. 18-cv-00098-MN, 2019 WL 3069773, at *3 (D. Del. July 12, 2019) (concluding that induced infringement claims based on post-suit conduct are permissible).  The complaint can be the source of the knowledge required to sustain claims of induced infringement occurring after the filing date and can provide sufficient knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement after an amended complaint is filed. See Groove Digital, Inc. v. Jam City, Inc., No. 18-cv-01331-RGA, 2019 WL 351254, at *4 (D. Del. Jan. 29, 2019); Walker Digital, LLC v. Facebook, Inc., 852 F. Supp. 2d 559, 565 (D. Del. 2012) ("In sum, if a complaint sufficiently identifies, for purposes of Rule 8, the patent at issue and the allegedly infringing conduct, a

defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements of Global–Tech."); SoftView LLC v. Apple Inc., No. 10-cv-00389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012) ("An accused infringer is on notice of the patent(s)-in-suit once an initial pleading identifies the patents-in-suit, and a patentee that successfully proves the remaining legal elements of indirect infringement is entitled to recover for any post-filing indirect infringement of those patents.").

The complaint alone cannot operate to establish knowledge, however, without being amended. See Wrinkl, Inc. v. Facebook, Inc., No. 20-cv-01345-RGA, 2021 WL 4477022, at *6–7 (D. Del. Sept. 30, 2021); Helios Streaming, LLC v. Vudu, Inc., No. 19-cv-01792-CFC-SRF, 2020 WL 2332045, at *4–5 (D. Del. May 11, 2020), report and recommendation adopted, 2020 WL 3167641 (D. Del. June 15, 2020) (stating that this district addresses the sufficiency of amended pleadings for post-filing knowledge of inducement and not the original complaint).

Plaintiff filed its original Complaint on August 4, 2023. Compl. (D.I. 1). The Complaint identified the '885 Patent and Plaintiff's belief that Defendant was infringing the '885 Patent. Plaintiff later filed an Amended Complaint on October 11, 2023, further explaining its allegations of indirect and willful infringement. Am. Compl. Because the Court accepts that a complaint is sufficient for post-suit knowledge when superseded by an amended complaint, Plaintiff's original

complaint provides sufficient notice to support a post-suit indirect infringement claim.

## 2.     Willful Infringement

Plaintiff filed pre- and post-suit willful infringement claims alleging that Defendant had notice of its infringement of the '885 Patent since "at least as early as June 7, 2023 or the filing or service of Technoprobe's original Complaint in this action."  Am. Compl. ¶¶ 79, 80, 82 at 29–30.  Defendant argues that it lacked the necessary pre-suit or post-suit knowledge of the patent or potential infringement.  Def.'s Br. at 7–15.  Defendant further contends that Plaintiff has not pled willful infringement because it has not alleged facts supporting an inference that Defendant's conduct was egregious.  Id. at 15–16.

Under 35 U.S.C. § 284, the Court may increase the amount of damages assessed by up to three times.  35 U.S.C. § 284.  The U.S. Supreme Court has observed that enhanced damages:

> are not to be meted out in a typical infringement case, but are instead designed as a "punitive" or "vindictive" sanction for egregious infringement behavior.  The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.

Halo Elecs., Inc. v. Pulse Elecs. Inc. ("Halo"), 579 U.S. 93, 104–05 (2016).

For willful infringement claims, "the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." Välinge Innovation AB v. Halstead New England Corp., No. 16-cv-01082-LPS, 2018 WL 2411218, at *10–12 (D. Del. May 29, 2018), report and recommendation adopted, 2018 WL 11013901 (D. Del. Nov. 6, 2018). "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." Halo, 579 U.S. at 105; see also WBIP, LLC v. Kohler Co., 829 F.3d 1317, 1341 (Fed. Cir. 2016). Subjective willfulness may be found when "the risk of infringement 'was either known or so obvious that it should have been known to the accused infringer.'" Halo, 579 U.S. at 101 (quoting In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007)).

### a.      Pre-Suit Claim

The Amended Complaint alleges that "FormFactor has known since at least June 7, 2023 at the SWTest 2023 [C]onference that its probe cards implementing its advertised 'Metallized Guide Plate' technology infringed Technoprobe's intellectual property." Am. Compl. ¶ 79 at 29. Plaintiff alleges that, despite becoming aware of the '885 Patent at the SWTest 2023 Conference, Defendant proceeded to market and sell the Accused Products "with either direct knowledge

of the '885 [P]atent and its infringement or willfully blind to the existence of the

'885 [P]atent and its infringement."  Id.; see also id. at ¶ 82 at 29–30.  Defendant

contends that Plaintiff's reliance on general statements made during Plaintiff's

public presentation and the Parties' positions as competitors in the same market are

insufficient to support a claim that Defendant knew of the '885 Patent or the

possibility of potential infringement.  Def.'s Br. at 9–11.  Defendant further argues

that Plaintiff's assertions that Defendant had "no reasonable basis for believing that

manufacturing, importing, offering for sale, selling, and/or using the Accused

Products does not infringe the '885 patent" or "believing that the '885 patent is

invalid or otherwise unenforceable," are speculative and unsupported.  Def.'s Br. at

11–12.

At the pleading stage, the patentee "must allege facts in its pleading

plausibly demonstrating that the accused infringer had committed subjective

willful infringement as of the date of the filing of the willful infringement

claim."  Välinge Innovation AB, 2018 WL 2411218, at *10–12.  This standard can

be distilled into three elements, that the accused infringer: (1) was aware of the

patent, (2) infringed the patent after becoming aware of its existence, and (3) knew

or should have known that its conduct amounted to infringement.  See id. at *13.

Plaintiff alleges that its presentation during the SWTest 2023 Conference

described the guide plate technology, noted the resulting increased current carrying

capability, and included the language "Technoprobe Patented solution" on the accompanying slide.  Am. Compl. ¶¶ 26–27 at 9–10.  Plaintiff alleges that one or more representatives of Defendant attended Plaintiff's presentation and that Defendant gave a presentation on the same technology at the conference.  Id. ¶¶ 27, 29, 79 at 10, 11, 29.  Plaintiff contends that Defendant continued to market and sell the Accused Products after the SWTest 2023 Conference through its website, to which slides from Defendant's conference presentation were posted.  Id. ¶¶ 32–36 at 12–14.

Viewing all facts in the light most favorable to the non-movant, the Court concludes that the Amended Complaint alleges facts plausibly showing that Defendant, through actively attending Plaintiff's SWTest 2023 Conference presentation and continuing to promote and sell the Accused Products thereafter, was aware of the '885 Patent and its potential infringement sufficient to support a pre-suit willful infringement claim.

## b. Post-Suit Claim

Even though a claim for pre-suit willful infringement is plausibly pled, the Court will address the post-suit claim for willful infringement.  The Parties dispute whether post-suit knowledge may sustain claims for willful infringement.  Judges in this district have taken different views on whether a plaintiff can sufficiently plead knowledge of a patent-in-suit in an amended complaint by referring back to

the notice that the accused infringer received of the patent's existence via the filing

of a prior complaint in the same case for willful infringement claims.

Compare Cleveland Med. Devices Inc. v. ResMed Inc., No. 22-cv-00794-JLH,

2023 WL 6389628, at *6 (D. Del. Oct. 2, 2023) (Williams, J.) (concluding that the

complaint itself cannot serve as the basis for a defendant's actionable knowledge

for a willful infringement claim), Pact XPP Schweiz AG v. Intel Corp., No. 19-cv-

01006-JDW, 2023 WL 2631503, at *5 (D. Del. Mar. 24, 2023), recons. denied,

2023 WL 3934058 (D. Del. June 9, 2023) (Wolson, J.) (concluding that a

defendant's alleged knowledge based solely on the content of that complaint or a

prior version of the complaint filed in the same lawsuit is insufficient for a willful

infringement claim), Wrinkl, Inc., 2021 WL 4477022, at *6–7 (Andrews, J.)

(concluding that an amended complaint can establish post-suit knowledge for

indirect infringement claims but not for willful infringement claims), and

ZapFraud, Inc. v. Barracuda Networks, Inc., 528 F. Supp. 3d 247, 249–50 (D. Del.

2021) (Connolly, J.) (concluding that a "complaint itself cannot be the source of

the knowledge required to sustain claims of induced infringement and willfulness-

based enhanced damages"), with ICON Health & Fitness, Inc. v. Tonal Sys., Inc.,

No. 21-cv-652-LPS-CJB, 2022 WL 611249, at *3 (D. Del. Feb. 7, 2022) (Burke,

J.) (concluding that post-suit induced infringement and willful infringement claims

are permissible with knowledge of a patent-in-suit in an amended complaint),

Ravgen, Inc. v. Ariosa Diagnostics, Inc., No. 20-cv-01646-RGA-JLH, 2021 WL

3526178, at *4 (D. Del. Aug. 11, 2021) (Hall, J.) (concluding that a party may

maintain a claim for willful infringement made in an amended complaint if the

accused infringer first gained knowledge of the patent from the original

complaint), and Clouding IP, 2013 WL 2293452, at *4 (Stark, J.) (concluding that

"for purposes of pleading willful infringement, there appears to be little practical

difference between a pre-complaint notice letter informing a defendant about a

patentee's allegation of infringement and a subsequently-superceded [sic] original

complaint formally alleging infringement").

 This Court adopts the approach that the original complaint, later superseded

by the amended complaint, is sufficient to support a post-suit willful infringement

claim at the motion to dismiss stage.  This approach follows most of the cases in

this district concluding that notice from a complaint is sufficient for indirect and

willfulness claims when an original complaint is superseded by an amended

complaint.  See Ravgen, 2021 WL 3526178, at *2 (involving a second amended

complaint for post-suit willful infringement claim); DoDots, 2019 WL 3069773, at

*1 (involving a second amended complaint for post-suit induced infringement

claim); ICON Health & Fitness, 2022 WL 611249, at *1 (involving a first amended

complaint for pre-suit induced and willfulness claims but noted that re-pleading is

not necessary for post-suit claims).

This Court discerns little practical difference between a pre-complaint notice letter and the filing of an original complaint that is later superseded by an amended complaint.  See Clouding IP, 2013 WL 2293452, at *4.

Because the original Complaint adequately pled direct infringement of the '885 Patent, it placed Defendant on notice of the '885 Patent and its alleged infringing activity.  Thus, the Court holds that the original Complaint, later superseded by the Amended Complaint, is sufficient to support a post-suit willful infringement claim at the motion to dismiss stage.  Because the Amended Complaint adequately states that Defendant had knowledge of and had knowingly infringed the '885 Patent, Plaintiff's post-suit willful infringement claim is sufficiently pled.

Further, Defendant argues that Plaintiff's willful infringement claim should be dismissed because the Amended Complaint fails to allege facts to support an inference that Defendant's conduct was "'egregious' beyond 'typical' infringement."  Def.'s Br. at 15–16 (citing Wrinkl Inc., 2021 WL 4477022, at *7).

In Halo Electronics, Inc. v. Pulse Electronics, Inc., 579 U.S. 93 (2016), the U.S. Supreme Court observed that "[c]onsistent with nearly two centuries of enhanced damages under patent law," the awarding of enhanced damages "should generally be reserved for egregious cases typified by willful misconduct."  Halo, 579 U.S. at 106.  Courts in this district have held that a claim for willful

infringement does not require that specific egregious conduct be pled to avoid
dismissal at the pleadings stage.  See, e.g., bioMérieux, 2018 WL 4603267, at *6;
Välinge Innovation AB, 2018 WL 2411218, at *9 ("[The court] should no longer
require that the patentee plead facts plausibly evidencing 'egregious' infringement
conduct."); see also KOM Software Inc. v. NetApp, Inc., No. 18-cv-00160-RGA,
2018 WL 6167978, at *3 (D. Del. Nov. 26, 2018) ("[A]llegations of willfulness
without a specific showing of egregiousness are sufficient to withstand a motion to
dismiss.  Thus, where a complaint permits an inference that the defendant was on
notice of the potential infringement and still continued its infringement, the
plaintiff has pled a plausible claim of willful infringement."); Bio-Rad Lab'ys Inc.
v. Thermo Fisher Sci. Inc., 267 F. Supp. 3d 499, 501 (D. Del. 2017) ("At the
pleading stage, it is not necessary to show that the case is egregious.");
DermaFocus LLC v. Ulthera, Inc., 201 F. Supp. 3d 465, 473 (D. Del. 2016)
(holding that general allegations of willful infringement are sufficient under Halo
to withstand a motion to dismiss).

Because there is no requirement that Plaintiff plead facts beyond knowledge
to survive a motion to dismiss a willful infringement claim on the pleadings, the
Court holds that Plaintiff has sufficiently pled facts supporting its claims for willful
infringement.

### B.    False Advertising Claim

Plaintiff filed a claim of false advertising under 15 U.S.C. § 1125(a)(1)(B) alleging that Defendant made materially false or misleading descriptions and representations of the nature, character, or qualities of Defendant's probe cards and the probe cards of Plaintiff's competitors.  Am. Compl. ¶¶ 65–74 at 22–24. Defendant argues that Plaintiff's false advertising claim should be dismissed because Plaintiff has not pled facts supporting an inference that Defendant's statements were literally false.  Def.'s Br. at 16–19.

Section 1125(a)(1)(B) of title 15 provides that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).  To establish a claim of false advertising, a plaintiff must show that a contested statement was either "(1) literally false or (2) literally true or ambiguous, but has the tendency to deceive consumers."  Bd. Dir. Sapphire Bay Condo. West v. Simpson ("Sapphire Bay Condo."), 641 F. App'x 113, 114 (3d Cir. 2015) (quoting Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578, 586 (3d Cir. 2002)).

The Court's literal falsity determination applies an objective test. <u>QVC, Inc.</u> <u>v. Your Vitamins, Inc.</u>, 714 F. Supp. 2d 291, 297 (D. Del. 2010). "'[I]f a defendant's claim is untrue, it must be deemed literally false' regardless of the advertisement's impact on the buying public." <u>Id.</u> (quoting <u>Castrol Inc. v. Pennzoil</u> <u>Co.</u>, 987 F.2d 939, 943 (3d Cir. 1993) (alteration in original)). In determining literal falsity, the factfinder must consider the context in which the statement or representation was made. <u>Sapphire Bay Condo</u>, 641 F. App'x at 116 (citing <u>Castrol Inc.</u>, 987 F.2d at 946). "[O]nly an unambiguous message can be literally false." <u>Novartis Consumer Health, Inc.</u>, 290 F.3d at 587. If literal falsity cannot be proven, a plaintiff must prove that the statement or representation was deceptive or misleading. <u>See</u> <u>Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-</u> <u>Poulenc Rorer Pharms., Inc</u>, 19 F.3d 125, 129 (3d Cir. 1994). Whether the public was misled is a question for the finder of fact.

Plaintiff identifies three statements from Defendant's SWTest 2023 Conference presentation as literally false or misleading. The first representation identified by Plaintiff is a slide including a chart titled "Probe [Current Carrying Capability] Comparison" that compares Defendant's probes to "previous generation probes." Am. Compl. ¶¶ 43–45 at 16–18, Ex. E at 10. Plaintiff contends that the group of "previous generation probes" includes probes manufactured by Defendant's competitors, including Plaintiff. <u>Id.</u> at ¶¶ 45–48 at

18–19.  Despite Plaintiff's assertion that Defendant's "[current carrying capability]

comparison claims are reflected quantitatively and are not open to a different

meaning," the Court finds the phrase "previous generation probes" to be

ambiguous in the context of the SWTest 2023 Conference presentation.  It is

unclear from the slide what products and manufacturers are included in the group.

Because the statement is ambiguous, it cannot be literally false.

The second statement identified by Plaintiff asserts that Defendant's probes

"provide a >50% improved [current carrying capacity]" over current generation

probes.  Id. ¶¶ 49–54 at 19–21, Ex. E at 10.  Similarly, the third statement asserts

that Defendant's probes "improve[] effective [current carrying capability] by 65%

depending on the probe architecture."  Id. ¶¶ 55–61 at 22–24, Ex. E.  Both of these

statements are quantitative and unambiguous.  Plaintiff's contentions that these

statements are false can be established through discovery.  Accepting Plaintiff's

allegations as true, Plaintiff has pled sufficient facts to support its false advertising

claim.

**IV.    Conclusion**

ACCORDINGLY, IT IS HEREBY

     **ORDERED** that Defendant's Partial Motion to Dismiss Plaintiff's Amended

Complaint (D.I. 14) is denied.

     IT IS SO ORDERED this 20th day of May, 2024.

   /s/ Jennifer Choe-Groves   
Jennifer Choe-Groves
U.S. District Court Judge[*]

---

[*]Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.