IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOPROBE S.P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-842-JCG |
| | ) | |
| FORMFACTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Paragraph 15 of the Scheduling Order (D.I. 40), and subject to the approval of the Court, by and between the parties and by their respective undersigned counsel, that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties in the above-captioned action ("Action").

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

**PROCEDURES FOR PROTECTION OF CONFIDENTIAL AND PROPRIETARY INFORMATION**

**1.    DEFINITIONS**

1.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation or non-designation of information or items under this Protective Order.

1

1.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

1.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

1.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL."

1.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, generated in disclosures or responses to discovery, or used in this Action.

1.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this Action who: (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action; (2) is not a past or current employee or contractor of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.7     <u>"HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL" information or items," the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to: proprietary design and development materials

for products and/or services, sensitive products and/or services, and strategic decision-making information.

1.8    "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" Information or Items: "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" technical information or items as defined in Paragraph 1.7 that may contain export controlled material.

1.9    In-House Counsel: an employee of a Party who advises that Party on legal matters.

1.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

1.11    Outside Counsel of Record: attorneys of a law firm which has appeared on behalf of that Party in this Action and their support staffs.

1.12    Party: a party to this Action, including all of its officers, directors, and employees.

1.13    Producing Party: a Party or Non-Party, that produces Disclosure or Discovery Material in the Action.

1.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL."

1.15   <u>Receiving Party</u>: a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

## 2.   <u>COMPUTATION OF TIME</u>

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 3.   <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Protective Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party, provided such information enters the public domain by means not involving a violation of this Protective Order or other duty of confidentiality; and (b) any information known to the Receiving Party prior to the disclosure that the Receiving Party can demonstrate was already known prior to the time of disclosure, was obtained lawfully, and was obtained by means not involving a violation of this Protective Order or any other duty of confidentiality. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.   <u>DURATION</u>

The confidentiality obligations imposed by this Protective Order shall remain in effect even after final disposition of the Action unless and until a Designating Party agrees otherwise in writing, a court order otherwise directs, or otherwise provided herein. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without

prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   **DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Designating Party that designates information or items for protection under this Protective Order must take care to limit any such designation to material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify the other Party that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Protective Order (*see, e.g.*, subsection 5.2.1 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under the Protective Order must be clearly so designated at the time the material is disclosed or produced. Designation in conformity with this Protective Order requires:

5.2.1   For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" to each page that contains protected material or, for sealed filings, to the cover page. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the

designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under the Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL") to each page that contains Protected Material. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

       5.2.2   For testimony given in deposition, the Designating Party may indicate on the record at the deposition or, in writing, within 21 calendar days of receipt of the final transcript, that the testimony is protected at the time it is given in accord with the Federal Rules of Civil Procedure. The Designating Party shall indicate the level of protection at the time of designation. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and that specifies the level of protection being asserted by the Designating Party. The title page may be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements.

Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL."

      5.2.3   For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      5.3   <u>Inadvertent Failures to Designate</u>: If timely corrected after recognition by a Producing Party of an inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Protective Order for such material. Upon discovering the inadvertent failure to designate, the Producing Party shall immediately notify the Receiving Party in writing and provide replacement copies with the appropriate confidentiality designation. After receiving such notice, the Receiving Party must make reasonable efforts to ensure that the material is treated in

accordance with the provisions of this Protective Order. To the extent the Receiving Party has disclosed the Protected Material to any person, or in any circumstance, not authorized under this Protective Order, the Receiving Party shall follow the requirements of Section 9. This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or work product privileges, which is separately addressed in Section 10.

5.4    <u>Right to Seek Additional Protections</u>: This Protective Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

## 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation or non-designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation or non-designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation or non-designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>: The Challenging Party shall provide written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within seven (7) calendar days of the date of service of notice as required by Local Rule 7.1.1. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation or non-designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes

that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention: If the Parties cannot resolve a challenge without the Court's intervention, the Challenging Party shall contact the Court pursuant to Section 4(f) of the Scheduling Order. The Challenging Party's failure to file its challenge with the Court will result in the Protected Material being designated as requested by the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles: Absent further order from the Court, the Receiving Party may only use Protected Material that is disclosed or produced by another Designating Party in connection with this Action for prosecuting, defending, or attempting to settle the Action, including associated appeals. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

7.1.1    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.1.2    A Receiving Party shall not use, rely upon, or refer to another Party's or Non-Party's Protected Material in (1) drafting or amending claims in a U.S. or foreign patent application, or assisting or advising another to do the same; or (2) drafting or amending claims in any inter partes review, ex parte reexamination, reissue proceeding, or other post-grant review process at the USPTO or any proceeding before the patent office of a foreign country, or assisting or advising another to do the same.

7.1.3   <u>Patent Prosecution Bar</u>: Any attorney, patent agent, expert, or other person who has subscribed to this Protective Order on behalf of any party in this Action or has otherwise accessed technical material designated by another party as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" that relates to the structure, operation, function, design, or development of any existing or potential product shall not be involved in Patent Prosecution on behalf of the party represented by that person in this Action or one of such party's affiliates relating to the subject matter of probe heads before any foreign or domestic agency, including the United States Patent and Trademark Office. For the purposes of this paragraph, "Patent Prosecution" shall be defined as substantive patent prosecution activities involving "competitive decision making" as set forth by the Federal Circuit in *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010), such as supervising, assisting or participating in (including preparing, drafting, amending, filing, or otherwise prosecuting applications, claims, responses to office actions, oaths or declarations, or any other paper) the prosecution of any pending or future patent application before the United States Patent and Trademark Office or any other patent foreign or domestic authorities, with respect to any patent application of the represented party claiming (in whole or in part) any of the subject matter set forth above. "Patent Prosecution" shall not include representing a party or otherwise participating in reissue proceedings, ex parte reexamination, inter partes review, covered business method review, or post-grant review proceedings, provided such representation or other participation in such proceedings does not include any involvement in seeking amendment of any claims on behalf of the represented party. This prohibition on Patent Prosecution shall end two (2) years after the earlier of (i) the final resolution or termination of this Action, including all appeals, (ii) the complete settlement of all

claims in this Action and completion of the requirements of this agreement, or (iii) the withdrawal of that attorney from this Protective Order. This prosecution bar is personal to the person subscribing to the Protective Order and shall not be imputed to any other person or entity.

7.1.4   <u>Data Security of Protected Material:</u> Any Receiving Party or any person in possession of or transmitting of another Party's Protected Material must maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect and secure the Protected Material from loss, misuse, unauthorized access and disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material. Reasonable administrative, technical, and physical safeguards may include, but are not limited to: utilization of Secure File Transfer Protocol (SFTP), Secure Sockets Layer (SSL), or Virtual Private Network (VPN) technologies when transferring files; encryption of the data when data is being transferred to the Receiving Party; encryption of the data when data is at rest when being stored by the Receiving Party; controlled access to the files themselves (e.g., background checks for personnel handling the data stored in servers, rooms, etc.); an audit trail that maintains a record of all activity by both system and application processes and by user activity with any operating system(s), application(s), file system(s), or file(s) that stores or interacts with the Protected Material; agreement between parties as to specified vendor and data security technologies; liquidated damages provision for breach, secured by a bond or other security; access rights management; physical space and device access and usage controls; or where applicable, incorporation of statutory or sectoral standards and specifications.

To the extent the Receiving Party or any person in possession of or transmitting another Party's Protected Material does not have an information security program, the Receiving Party may comply with this Data Security provision by having Protected Material maintained by and/or

stored with a secure eDiscovery/litigation support site(s) or claims administrator that maintains an information security program that complies with the requirements above or otherwise aligns with standard industry practices regarding data security.

Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order. The Receiving Party will take reasonable steps to limit the number of copies that are made of another Party's Protected Material that is produced in paper format.

If a Receiving Party or any person in possession of or transmitting another Party's Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or any person in possession of or transmitting another Party's Protected Material shall: (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach will not reoccur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or any person in possession of or transmitting any Protected Material agrees to cooperate with the Designating Party in investigating any such security incident. In any event, the Receiving Party or any person in possession of or transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "CONFIDENTIAL" to:

7.2.1    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information or item for this Action.

7.2.2    The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.3    Experts (and their staff) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action; and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.2.4    The Court, jury, and court personnel.

7.2.5    Court reporters and their staff, and professional jury or trial consultants to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.2.6    During their depositions, witnesses in this Action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court. Exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

7.2.7    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

7.2.8    Any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" to:

7.3.1    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information or item in this Action.

7.3.2    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3.3    The Court, jury, and court personnel.

7.3.4    Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.3.5    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

7.3.6    Any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4     Disclosure of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" Information or Item: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES

14

ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" to the individuals listed in Paragraph 7.3 of this Protective Order and subject to the following restrictions: information or items designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" may not be accessed from or transferred to Cuba, Iran, North Korea, or Syria and may not be accessed by or transferred to (i) any citizen of Cuba, Iran, North Korea, or Syria, (ii) any person with dual or multiple citizenship that includes citizenship in Cuba, Iran, North Korea, or Syria, or (iii) any individuals or organizations who are individually sanctioned by the United States Government, including as provided on https://www.bis.gov, regardless of their citizenship.

7.5     Experts may only review "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" information or items after being expressly identified to the Designating Party as seeking access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" information or items.

7.5.1   No less than ten (10) calendar days prior to the initial disclosure to an Expert of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" information or items, the Receiving Party shall submit in writing the full name of such Expert and the city and state of his or her primary residence to the Designating Party and the following: (a) a current resume or curriculum vitae (including his or her current employer); (2) a list of any consulting relationships that the Expert has had with any Party to this Action within the last five (5) years; (3) a list of cases (by name of the parties  and location of

court) in which the Expert has testified as an expert at trial or deposition with the last five (5) years; (4) a list of any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest; and (5) an "Acknowledgement and Agreement to Be Bound" (Exhibit A) signed by the Expert. If the Designating Party objects to the disclosure of such "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" information or items to such Expert as inconsistent with this Protective Order or on other grounds, it shall notify the Receiving Party in writing of its objection and the grounds therefore prior to the initial disclosure. If the dispute is not resolved on an informal basis after meeting and conferring as required by Local Rule 7.1.1 within seven (7) days of receipt of such notice of objections, the Parties may seek guidance from the Court in accordance with Paragraph 4(f) of the Scheduling Order (D.I. 40). The disclosure of information and items designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" shall be withheld to such Expert pending resolution of the dispute. In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.6    Advice to Clients: It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information or item designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT

CONTROLLED MATERIAL" that is provided from the opposing Party to such Outside Counsel of Record this Action, provided that such rendering of advice and opinions shall not reveal the content of such information or item, except by prior written agreement with counsel for the Producing Party.

      7.7     If the Court orders, or if the Producing Party and all Parties to this lawsuit agree, that access to, or dissemination of information or items designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" shall be made to persons not included in paragraphs 7.2-7.5 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Protective Order, and such persons shall be considered subject to the Protective Order, unless the Court finds that the information or item is not "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" as defined in paragraphs 1.2, 1.7, and 1.8, respectively, above.

**8.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>**

      The terms of this Protective Order are applicable to information or items produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL." Such information or items produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Each Non-Party Producing Party shall be provided a copy of this Protective

Order by the Party seeking information or items from said Non-Party. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 9.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The execution of the "Acknowledgement and Agreement to Be Bound" in this instance does not mean that the person or persons shall be entitled to receive Protected Material going forward unless the person or persons meet the requirements of Sections 7.2, 7.3, or 7.4 as provided above.

## 10.    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

10.1    Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that any Producing Party may have inadvertently produced such protected information, it shall notify the Producing Party promptly, and follow such procedures as set forth in this Protective Order. If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Producing Party who made the inadvertent production or disclosure may send to each Receiving Party a written request for return of the inadvertently

produced or disclosed document or thing within a reasonably prompt period of time following discovery of the inadvertent production. Within seven (7) calendar days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back- up tapes or other archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph 12.2 below.

10.2   If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation"). However, the Receiving Party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. If the Receiving Party notifies the Producing Party that it intends to contest the claim of privilege, the Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the Receiving Party must be sequestered and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

10.3   Within seven (7) calendar days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

10.4    Within seven (7) calendar days after receiving a Notice of Designation, the parties shall meet-and-confer pursuant to Section 4(f) of the Scheduling Order.

10.5    Within seven (7) calendar days after the meet-and-confer, the Receiving Party may seek relief from the Court pursuant to Section 4(f) of the Scheduling Order to compel production of such documents and things, the protection of which is still disputed. Any letter brief filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the court. If the Receiving Party does not contact the Court pursuant to Section 4(f) of the Scheduling Order to contest the designation within such seven (7)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph 10.2 of this Section shall be immediately returned to the Producing Party. Likewise, in the event that the Court rejects the Receiving Party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph 10.2 of this Section shall be immediately returned to the Producing Party.

10.6    With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work- product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

10.7    The procedures set forth in this Section for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work

product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section with respect to such inadvertent disclosure or production.

11.  **INFORMATION SUBJECT TO EUROPEAN DATA PROTECTION REGULATIONS**

11.1    The Parties agree that Personal Data shall have the same meaning as "Personal Data" as defined in the General Data Protection Regulation (EU) 2016/679 of 27 April 2016 ("GDPR") article 4, paragraph 1. Protected Material as defined in this Protective Order includes PD, as defined here.

11.2    The Parties agree that Personal Data not reasonably relevant to this Action, may be permanently redacted by the Producing Party prior to production. All such redactions made pursuant to this section shall be marked "GDPR Redaction."

11.2.1  In regard to Personal Data not redacted due to the strict necessity in relation of this Action, the Parties agree to:

11.2.1.1   document the strict necessity to retain the individual Personal Data in relation to this Action;

11.2.1.2   ensure appropriate security measures for the Personal Data, including protection against unauthorized or unlawful processing (as defined in GDPR article 4, paragraph 2) and against accidental loss, destruction or damage, using appropriate technical or organizational measures;

11.2.1.3   develop measures to accommodate requests regarding the rights of the data subject as listed in GDPR articles 12-15;

11.2.1.4    ensure that the Personal Data is not used for any other secondary purposes beyond this Action; and

11.2.1.5    establish retention periods for the preservation of Personal Data.

11.2.1.5.1 regardless of the retention period ultimately agreed upon, the Parties acknowledge that Personal Data may not be stored any longer than what is strictly necessary in relation to this Action.

11.3    Notwithstanding the foregoing, the Parties agree that if a Challenging Party alleges that Personal Data is relevant and/or its production is necessary, then the Parties shall attempt to renegotiate this provision. The Parties further agree that, if such attempted renegotiation proves unsuccessful, they will submit any dispute regarding the production of Personal Data to the Court for resolution pursuant to Section 4(f) of the Scheduling Order (D.I. 40) in this Action, and the other agreements provided in this Section 14 shall not serve as a basis for opposing any such motion.

## 12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to see its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN

EXPORT CONTROLLED MATERIAL" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the District of Delaware.

      12.4   <u>Other Proceedings</u>. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – MAY CONTAIN EXPORT CONTROLLED MATERIAL" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 13.   **<u>FINAL DISPOSITION</u>**

      Within 60 calendar days after the final disposition of this Action, as defined in Section 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or destruction of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3.

/s/ Andrew E. Russell
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorneys for Plaintiff*

/s/ Andrew C. Mayo
John G. Day (No. 2403)
Andrew C. Mayo (No. 5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com
*Attorneys for Defendants*


SO ORDERED this _____ day of _____, 2024.


_____
The Honorable Jennifer Choe-Groves[1]
United States Court of International Trade

---

[1] Judge Choe-Groves of the United States Court of International Trade, sitting by designation.

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware on in the above-captioned case of *Technoprobe S.p.A.* v. *FormFactor, Inc.*, C.A. No. 23-842-JCG ("Action"). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where
sworn and signed: _____

Printed name: _____

Signature: _____