IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOPROBE S.P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-842-JCG |
| | ) | |
| FORMFACTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF PLAINTIFF TECHNOPROBE S.P.A.'S PARTIAL MOTION TO DISMISS DEFENDANT FORMFACTOR INC.'S COUNTERCLAIMS**

OF COUNSEL:
Mark Sommers
Houtan K. Esfahani
John C. Paul
Jennifer E. Fried
Abhay A. Watwe
Kelly S. Horn
Alexander E. Harding
Milan F. Feliciello
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: June 24, 2024

Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorneys for Plaintiff Technoprobe S.p.A.*

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF PROCEEDINGS ..................................................................1

II. SUMMARY OF THE ARGUMENT ................................................................................1

III. STATEMENT OF FACTS .................................................................................................3

IV. ARGUMENT .....................................................................................................................4

    A. FormFactor's Counterclaim for Non-Infringement of the '885 Patent Is Insufficiently Pled under *Iqbal*/*Twombly* ..................................... 4

    B. Technoprobe Asked FormFactor to Voluntarily Amend or Dismiss its Counterclaim for Non-Infringement and FormFactor Refused to Do So ................................................................................................................... 5

V. CONCLUSION ..................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 4

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................................. 5

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ................................................................................................. 4

*Idenix Pharms., Inc. v. Gilead Scis., Inc.*,
  Civil Action No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789, 2014 WL
  4222902 (D. Del. Aug. 25, 2014) ..................................................................................... 4, 7

*Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*,
  C.A. No. 12-1461-LPS-CJB, 2017 U.S. Dist. LEXIS 7201 (D. Del. Jan. 19,
  2017) ............................................................................................................................ 3, 4, 5

*Tyco Fire Prods. LP v. Victaulic Co.*,
  777 F. Supp. 2d 893 (E.D. Pa. 2011) .................................................................................... 4

**Rules**

Fed. R .Civ. P. 12(b)(6) ......................................................................................................... 2, 4, 5

Fed. R. Civ. P. 15(a)(2) ................................................................................................................. 5

I.   **NATURE AND STAGE OF PROCEEDINGS**

On October 11, 2023, Plaintiff Technoprobe, S.p.A. ("Technoprobe") filed its first amended Complaint ("First Amended Complaint") in this case, alleging that Defendant FormFactor Inc. ("FormFactor") is liable for (1) patent infringement of U.S. Patent No. 11,035,885 ("the '885 patent") and (2) literally false and misleading claims regarding the performance of FormFactor's probe cards versus the probe cards of FormFactor's competitors, including Technoprobe. *See* D.I. 13.

On June 3, 2024, FormFactor filed its Answer to Technoprobe's First Amended Complaint ("Answer"). In its Answer, FormFactor included counterclaims for declaratory judgement of non-infringement, invalidity, and unenforceability of one or more claims of the '885 patent. *See* D.I. 67 at ¶¶ 1-95. Of these, FormFactor's Counterclaim I seeks a declaratory judgement of non-infringement by the '885 patent and is the subject of the present motion to dismiss. *See id.* at ¶¶ 11-15.

II.  **SUMMARY OF THE ARGUMENT**

FormFactor's Counterclaim I for a declaratory judgement of non-infringement of the '885 patent is insufficiently pled on its face. The heightened pleading standard of *Iqbal/Twombly* applies to counterclaims, yet Counterclaim I does not allege any facts whatsoever as to *why or how* FormFactor does not infringe the '885 patent. Instead, FormFactor merely recites claim 1 of the '885 patent and states the general legal conclusion that "FormFactor is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, or in any way, any valid, enforceable claim of the '885 Patent, and therefore is not liable for infringement." *See* D.I. 67 at ¶ 14.

Even if the facts were viewed in the light most favorable to FormFactor, FormFactor has failed to make out a plausible claim for declaratory relief that none of its products or services

1

infringe the '885 patent. FormFactor's Counterclaim I should be dismissed under F.R.C.P. 12(b)(6) for failing to state a claim upon which FormFactor is entitled to relief.

### III.   STATEMENT OF FACTS

The parties in this case are the two leading probe card manufacturers. Amended Complaint at ¶¶ 20, 25. Probe cards are used to test and characterize the performance of electronic semiconductor chips, such as central processing units (or "CPUs") "when the chip is still on the wafer or before the chip is individually packaged." *Id.* at ¶ 15.

In Technoprobe's Amended Complaint filed October 11, 2023, Technoprobe alleged that certain of FormFactor's probe cards employing metallized guide plates, including its Apollo and Kepler products, infringe the '885 patent. *See* D.I. 13 at ¶¶ 62-84. In particular, Technoprobe alleged that these products infringe at least Claim 1 of the '885 patent, laying out specific facts supporting that allegation. *See Id.*

FormFactor submitted its Answer on June 3, 2024, seeking a counterclaim for declaratory judgement of non-infringement of the '885 patent (Counterclaim I). *See* D.I. 67 at ¶¶ 11-15. The entirety of FormFactor's counterclaim for non-infringement is reproduced below:

> 11. FormFactor incorporates by reference paragraphs 1 through 10 above as if fully restated herein.
>
> 12. Technoprobe has sued FormFactor alleging infringement of the '885 Patent, including at least claim 1.
>
> 13. Claim 1 of the '885 Patent recites:
>
> 1. A testing head configured to verify the operation of a device under test integrated on a semiconductor wafer, the testing head comprising:
> a plurality of contact elements, each comprising a body that extends between a first end portion and a second end portion, and

2

>> at least one guide provided with a plurality of guide holes configured to house the contact elements, wherein the at least one guide comprises:
>
> a first conductive portion that includes and electrically connects a first group of guide holes, of the plurality of guide holes, to each other and is configured to contact corresponding first contact elements, of the plurality of contact elements, configured to carry a first type of signal; and
>
> a second conductive portion that includes and electrically connects the holes of a second group of the guide holes to each other, the second group housing second contact elements of the plurality of contact elements, the second contact elements being configured to carry a second type of signal, the first and second types of signals chosen between ground signals and power signals.

14. FormFactor is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, or in any way, any valid, enforceable claim of the '885 Patent, and therefore is not liable for infringement.

15. FormFactor is entitled to a declaratory judgment that none of the asserted claims of the '885 Patent are infringed.

On June 12, 2024, counsel for Technoprobe asked FormFactor to either (1) amend its non-infringement counterclaim to plead sufficient facts to meet the *Iqbal/Twombly* standard or (2) dismiss those same counterclaims. In that email, Technoprobe cited the same case cited herein, *i.e.*, *Princeton Digital*, explaining that defendants are required to assert specific facts to support a non-infringement counterclaim. *See* Exhibit A at 1-2.

On June 14, 2024, FormFactor responded that it "will not be amending or dismissing its non-infringement counterclaim" and cited the fact that Technoprobe had "request[ed] information about FormFactor's non-infringement positions in discovery." Exhibit A at 1. As a result,

3

Technoprobe filed the present motion to dismiss FormFactor's Counterclaim I under F.R.C.P. 12(b)(6).

IV. **ARGUMENT**

    A. **FormFactor's Counterclaim for Non-Infringement of the '885 Patent Is Insufficiently Pled under *Iqbal/Twombly***

FormFactor's counterclaim for non-infringement of the '885 patent should be dismissed under F.R.C.P. 12(b)(6) because it provides no supporting facts whatsoever. Courts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint. *See Idenix Pharms., Inc. v. Gilead Scis., Inc.*, Civil Action No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789, 2014 WL 4222902, at *5 (D. Del. Aug. 25, 2014); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898-99 (E.D. Pa. 2011) (citing cases). A counterclaim for non-infringement in this Court must therefore meet the pleading standards set forth in *Iqbal/Twombly*. *See Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, C.A. No. 12-1461-LPS-CJB, 2017 U.S. Dist. LEXIS 7201, at *14 (D. Del. Jan. 19, 2017) ("The *Twombly/Iqbal* standard should apply here to all aspects of the Second Counterclaim").

Under *Iqbal/Twombly*, this court conducts a two-part analysis to evaluate a 12(b)(6) motion to dismiss. *See id.* at *7 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [] disregard[ing] any legal conclusions." *Fowler, 578 F.3d at 210-11*. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

FormFactor's counterclaim for non-infringement fails both steps of the analysis because it does not cite a single fact that would support an inference that it is entitled to relief. *See id.* at 210-

4

11. FormFactor's counterclaim does not plead any, let alone sufficient facts that it would support its requested "declaratory judgement that none of the asserted claims of the '885 are infringed."

FormFactor's counterclaim mirrors the one in *Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, where this Court found a counterclaim for non-infringement insufficiently pled. In that case, Defendants Harmonix and EA similarly pled that:

> 29. Harmonix and EA have not infringed and are not infringing, either directly or indirectly, nor have the[y] contributed to or induced infringement by others, of any valid claim of the '129 patent, either literally or under the doctrine of equivalents.
>
> 30. Accordingly, Harmonix and EA are entitled to a declaratory judgment that they have not infringed and do not infringe the '129 patent.

*Princeton Digital*, 2017 U.S. Dist. LEXIS at *13. This Court found that "Harmonix and EA do not seriously contend that any allegations of no direct infringement" in their counterclaim "are robust enough to meet the *Twombly/Iqbal* standard. And they are not." *Id.* (internal citations omitted). FormFactor's counterclaim for non-infringement, like Harmonix and EA's, merely recites the legal conclusion that FormFactor does not infringe the '885 patent. It provides no factual support for *why* FormFactor does not infringe the '885 patent and plainly fails to meet the *Twombly/Iqbal* standard. FormFactor's Counterclaim I should thus be dismissed under F.R.C.P. 12(b)(6).

### B.    Technoprobe Asked FormFactor to Voluntarily Amend or Dismiss its Counterclaim for Non-Infringement and FormFactor Refused to Do So

When a claim fails to meet the requisite pleading standard, the Court has the discretion to allow the party making the claim to amend that claim rather than dismiss it normally under F.R.C.P. 12(b)(6). *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2) (such leave should be permitted "when justice so requires[,]"). For the reasons laid out in more detail

below the correct remedy in this case is a dismissal of FormFactor's non-infringement counterclaim.

As noted in Section III, *supra*, Technoprobe asked FormFactor to amend Counterclaim I to plead supporting facts and FormFactor stated that it would not do so. *See* Exhibit A at 1. Allowing FormFactor to amend Counterclaim I rather than dismissing the counterclaim entirely would thus be futile, since FormFactor has already stated it "will not" amend Counterclaim I. *Id.* More importantly, allowing FormFactor to amend its counterclaim for non-infringement at this stage would reward it for wasting the resources of both Technoprobe and the Court when it already had (1) notice of the insufficiency of its pleading and (2) the opportunity to amend its counterclaim.

This is not a case where parties differ on the sufficiency of FormFactor's as-pleaded facts. FormFactor *did not plead any facts* as to why or how FormFactor does not infringe the '885 patent. There is simply no reasonable basis for FormFactor to have pled Counterclaim I, and even less of a basis to refuse to amend Counterclaim I when FormFactor was given the opportunity to do so. When given the opportunity to amend, FormFactor did not provide any basis for the sufficiency of Counterclaim I, remarking only that Technoprobe had "requested information about FormFactor's non-infringement positions in discovery[.]"

What FormFactor could ultimately produce in discovery in response to Technoprobe's claims is *entirely irrelevant* to pleading standards in this Court. Technoprobe is aware of no case, and FormFactor certainly provided none, holding that a party can ignore *Iqbal*/*Twombly* pleading standards for its own claims or counterclaims by simply providing interrogatory responses to another party's discovery requests. If FormFactor had specific facts supporting non-infringement that it intends to produce in response to Technoprobe's discovery requests, then *it needed to plead those facts in its counterclaim* in order to pass muster under this Court's pleading standards. *See*

6

*Idenix Pharms., Inc. v. Gilead Scis., Inc.*, Civil Action No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789, 2014 WL 4222902, at *5 (D. Del. Aug. 25, 2014).

FormFactor should have amended its counterclaim for non-infringement in response to Technoprobe's June 12 correspondence without requiring this Court's intervention. It is unclear to Technoprobe what FormFactor's basis is, if any, for continuing to assert its as-pled non-infringement claims without any supporting facts whatsoever.

## V. CONCLUSION

For the foregoing reasons, Technoprobe respectfully requests that the Court dismiss Counterclaim Count I of FormFactor's Answer.

Respectfully submitted,

/s/ Andrew E. Russell
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorneys for Plaintiff Technoprobe S.p.A.*

OF COUNSEL:
Mark Sommers
Houtan K. Esfahani
John C. Paul
Jennifer E. Fried
Abhay A. Watwe
Kelly S. Horn
Alexander E. Harding
Milan F. Feliciello
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

Dated: June 24, 2024