IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOPROBE S.P.A., | ) | |
| | ) | **Redacted - Public Version** |
| Plaintiff, | ) | |
| | ) | C.A. No. 23-842-JCG |
| v. | ) | |
| | ) | [redacted] |
| FORMFACTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF TECHNOPROBE S.P.A'S ANSWER TO**
**FORMFACTOR, INC.'S FIRST AMENDED COUNTERCLAIMS**

Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorney for Plaintiff Technoprobe S.p.A.*

OF COUNSEL:
Mark Sommers
Houtan K. Esfahani
John C. Paul
Jennifer E. Fried
Abhay A. Watwe
Kelly S. Horn
Alexander E. Harding
Milan F. Feliciello
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: July 29, 2024

Technoprobe S.p.A. ("Technoprobe"), by and through its undersigned counsel, hereby answers the allegations in Defendant FormFactor, Inc. ("FormFactor")'s First Amended Counterclaims (D.I. 83), filed on July 15, 2024.

## FIRST AMENDED COUNTERCLAIMS

1. Technoprobe admits that FormFactor seeks declaratory judgment and other relief. Technoprobe denies the merits of all allegations underlying that request, and specifically denies that Technoprobe has any "scheme to misuse the '885 patent against FormFactor."

2. Technoprobe admits that FormFactor asserts counterclaims against it. Technoprobe denies the remainder of the allegations in paragraph 2.

3. The statements in paragraph 3 state a legal conclusion to which no response is required. To the extent a response is deemed required, Technoprobe admits that it has raised a case or controversy with respect to FormFactor's infringement of the '885 patent.

## THE PARTIES

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. The statements in paragraph 6 state a legal conclusion to which no response is required. To the extent a response is deemed required, Technoprobe admits that this Court has jurisdiction over the counterclaims raised in FormFactor's First Amended Counterclaims.

7. Admitted.

8. The statements in paragraph 8 state a legal conclusion to which no response is required. To the extent a response is deemed required, Technoprobe admits that an actual and justiciable controversy exists as to whether FormFactor products infringe one or more claims of the '885 patent. Technoprobe denies the remainder of paragraph 8.

9. The statements in paragraph 9 state a legal conclusion to which no response is required. To the extent a response is deemed required, Technoprobe admits that this Court has jurisdiction over the counterclaims raised in FormFactor's First Amended Counterclaims and that venue is proper in this District.

**COUNTERCLAIM COUNT I**

**Declaratory Judgement of Non-Infringement of U.S. Patent No. 11,035,885**

10. Technoprobe admits that FormFactor incorporates by reference the cited paragraphs.

11. Admitted.

12. Admitted.

13. Admitted.

14. Technoprobe admits that paragraph 14 reproduces claim 16 of the '885 patent, with the exception of "a first group of guide holes to teach other," which Technoprobe denies.

15. Technoprobe admits that paragraph 15 reproduces claim 23 of the '885 patent, with the exception of "end portion, and", which Technoprobe denies.

16. Denied.

17. Denied.

18. Technoprobe admits that it has identified signals in its infringement contentions. Technoprobe denies the remainder of paragraph 18.

19. Technoprobe admits that the quoted text from paragraph 19 appears in its infringement contentions. Technoprobe denies the remainder of paragraph 19.

20. Denied.

21. Technoprobe admits that its infringement contentions contain an assertion that [redacted]. Technoprobe denies the remainder of paragraph 21.

22. Technoprobe admits that it annotated certain portions of images of the accused products in its infringement contentions. Technoprobe denies the remainder of paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

**COUNTERCLAIM COUNT 2**

**Declaratory Judgement of Invalidity of U.S. Patent No. 11,035,885**

30. Technoprobe admits that FormFactor incorporates by reference the cited paragraphs.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

**COUNTERCLAIM COUNT 3**

**Declaratory Judgement of Unenforceability of U.S. Patent No. 11,035,885**

35. Technoprobe admits that FormFactor incorporates by reference the cited paragraphs.

36. Denied.

37. Denied.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Technoprobe admits that Roberto Crippa is the Vice President of Technoprobe. Technoprobe denies the remainder of paragraph 43.

44. Technoprobe admits that, apart from FormFactor's annotations, the quoted text appears in 37 C.F.R. § 1.56(a). Technoprobe denies the remainder of paragraph 44.

45. Denied.

46. Admitted.

47. Admitted.

48. Admitted.

49. Technoprobe admits that paragraph 49 accurately reproduces the title of the '089 Application. Technoprobe denies that the title is "the same" as the '385 Application and any implication that the two applications are related.

50. Technoprobe admits that paragraph 50 reproduces the Abstract of the '385 Application. Technoprobe denies the remainder of paragraph 50.

51. Technoprobe admits that paragraph 51 reproduces the Abstract of the '089 Application. Technoprobe denies the remainder of paragraph 51.

52. Denied.

53. Technoprobe admits that it identified claim 1 of the ’885 patent as an exemplary claim that FormFactor infringes. Technoprobe denies the remainder of paragraph 53, and specifically denies that it “only identified claim 1 . . . as a specific claim[.]”

54. Paragraph 54 recites a legal conclusion to which no specific response is required. To the extent a response is deemed required, Technoprobe admits that Kim was published on July 16, 2015. Technoprobe denies the remainder of paragraph 54.

55. Denied.

56. Admitted.

57. Denied.

58. Technoprobe admits that paragraph 58 reproduces the cited text of claim 1 of the ’885 patent, with the exception of FormFactor’s addition of a “.” at the end of “portion.”

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Technoprobe admits that Kim includes figures labeled Figure 5a and 5b. Technoprobe denies the remainder of paragraph 63.

64. Technoprobe admits that paragraph 64 quotes certain portions of Kim with emphasis added by FormFactor. Technoprobe denies the remainder of paragraph 64.

65. Denied.

66. Denied.

67. Technoprobe admits that Kim includes figures labeled Figure 2 and 5b. Technoprobe denies the remainder of paragraph 67.

68. Technoprobe admits that Kim includes a figure labeled Figure 3. Technoprobe denies the remainder of paragraph 68.

69. Technoprobe admits that paragraph 69 reproduces the cited text of claim 1 of the ’885.

70. Denied.

71. Denied.

72. Denied.

73. Technoprobe admits that on February 4, 2021, Justin Coe filed amendments to the claims of the ’385 Application and filed a Reply to the examiner’s non-final rejection of claims 1-3, 9-14, 16-18, and 22-25. Technoprobe is without sufficient knowledge to admit or deny the remainder of paragraph 73, and therefore denies it.

74. Admitted.

75. Admitted.

76. Denied.

77. Denied.

78. Denied.

79. Technoprobe is without sufficient knowledge to admit or deny the allegations of paragraph 79, and therefore denies them. For example, Technoprobe has no knowledge of the “’648 Application.”

80. Technoprobe admits that it distinguished claim 1 of the ’638 Application from cited prior art during prosecution. Technoprobe denies the remainder of paragraph 80.

81. Technoprobe admits that the EPO issued an office action on or around April 17, 2023. Technoprobe admits that the cited text appears in the referenced office action without the annotations provided by FormFactor. Technoprobe denies the remainder of paragraph 81.

82. Technoprobe admits that its response to the April 17, 2023 office action in the '638 Application includes the phrase "discloses the possibility of forming different conductive portions." Technoprobe denies the remainder of paragraph 82.

83. Admitted.

84. Denied.

85. Technoprobe admits that on or around November 25, 2020, Technoprobe filed with the JPO a request for substantive examination of the '897 Application. Technoprobe admits that the '897 Application claims priority to the same PCT application as the '885 Patent. Technoprobe denies the remainder of paragraph 85.

86. Technoprobe admits that on or around October 6, 2021, the JPO issued an office action against claims 1-4, 11, 12, 15, 16 and 20 of the '897 Application. Technoprobe denies the remainder of paragraph 86.

87. Denied.

88. Denied.

89. Denied.

90. Admitted.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

**Claim for Relief**

103. Technoprobe admits that FormFactor incorporates the cited paragraphs.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

**PRAYER FOR RELIEF**

Technoprobe denies the allegations contained in FormFactor's Prayer for Relief, and Technoprobe further denies that FormFactor is entitled to any relief whatsoever, including any of the relief sought in paragraphs A-G of its Prayer for Relief. FormFactor's Prayer for Relief should, therefore, be denied in its entirety and with prejudice.

**DEMAND FOR JURY TRIAL**

Technoprobe admits that FormFactor's First Amended Counterclaims set forth a demand for a jury trial.

Respectfully submitted,

/s/ *Andrew E. Russell*

Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorney for Plaintiff Technoprobe S.p.A.*

OF COUNSEL:
Mark Sommers
Houtan K. Esfahani
John C. Paul
Jennifer E. Fried
Abhay A. Watwe
Kelly S. Horn
Alexander E. Harding
Milan F. Feliciello
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: July 29, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2024, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

John G. Day
Andrew C. Mayo
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

Sheryl K. Garko
Caroline Simons
Ryan Lind
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
(617) 880-1800
sgarko@orrick.com
csimons@orrick.com
rlind@orrick.com

Tammy Su
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400
tsu@orrick.com

T. Vann Pearce, Jr.
Steven J. Routh
Jasmine W. Zhu
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
2100 Pennsylvania Avenue
Washington, DC 20037
(202) 339-8400
vpearce@orrick.com
srouth@orrick.com
jzhu@orrick.com

Anri Nakamoto
ORRICK, HERRINGTON & SUTCLIFFE LLP
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-Chome
Minato-ku, Tokyo, 106-6028 Japan
+81 3 3224 2089
anakamoto@orrick.com

David R. Medina
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
(213) 629-2020
dmedina@orrick.com

*/s/ Andrew E. Russell*
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorney for Plaintiff Technoprobe S.p.A.*